WALDEN, JAMES FI., Associate Judge.
This appeal is from a final decree declaring an ordinance of the city of Miami Beach unconstitutional. The ordinance inter alia prohibited the use of a stove, “hot plate” or other such device in any single family unit containing less than four hundred square feet.
Appellees were plaintiffs below. Appellant, Miami Beach Apartment Association, was an intervenor and the other appellants were defendants below.
In the final decree, the chancellor found that the ordinance in question bore no reasonable relationship to the public health, safety or morals or welfare of the citizens of Miami Beach and that it was discriminatory, unreasonable, and arbitrarily interfered with private énterprise.
Appellants, in gist, contend that the ordinance represents a reasonable exercise of the City’s police power.
The ordinance in question is as follows:
“Amendment
“To Code
“Secs. 11.59, 11.60 and 11.61
“As Amended by Ordinance No. 1170 “Passed and Adopted July 20, 1955
“Hot Plates etc in Hotels, etc.
“Sec. 11.59 to read as follows:
*772 “Section 11.59. It shall be unlawful for any person operating- or managing any apartment house, hotel or rooming house, licensed as such by the city, knowingly to provide, place, install or furnish for the use of any tenant or guest or knowingly to allow any tenant or guest or other person to use or operate any stove, ‘hot plate’, or electric, chemical or gas device whatsoever for the purpose of heating or cooking food or beverages, or to have, or permit the possession of any such ■devices for the purpose of heating or cooking food or beverages, in any living or sleeping room or other living or sleeping compartment or combination of such rooms or compartments which are rented or occupied as a single living unit and which has or have an aggregate floor area within the enclosed walls of such unit of less than four hundred (400) square feet. The term ‘hot plate’ as herein used shall mean that portion of such device including the heating unit and the necessary base therefor, exclusive of the conduit and the plug or other device for connecting the conduit to the source of electricity, gas or chemical used.
“The erection, construction, reconstruction, use or occupancy of any apartment or other dwelling unit containing less than four hundred (400) square feet of floor space, which is designed, arranged or intended to be used or occupied as a single housekeeping unit, including cooking facilities, is unlawful and is hereby prohibited, provided, however, that nothing contained herein shall prohibit the installation and use of kitchen facilities in any apartment house, hotel, or rooming house where such installation and use has been approved by the building department and is otherwise permitted by any ordinance.”
“Sec. 11.60 to read as follows:
“Section 11.60. Every person engaged in the business of operating or managing any apartment house, hotel, or rooming house in the city, shall post or affix in a conspicuous place in each apartment or room described in Section 11.59 of this Code, a sign or notice reading as follows:
“ ‘The presence or installation or use in this room or apartment of any device for the preparation or heating of food or beverages is prohibited by City Ordinance.’ ”
“Sec. 11.61 to read as follows:
“Section 11.61. In any prosecution for the violation of any of the provisions of this article (1) the presence of any of the devices described in Section 11.59 of this Code in any hotel room as defined in Section 11.58 of this Code or in any apartment or rooming house shall be prima facie evidence of the use and operation of such device by the guest or tenant then renting or ocupying such room; (2) the use or occupancy of any apartment or other dwelling unit by persons not all members of the same family shall be prima facie evidence that such apartment or dwelling unit is being rented and occupied as individual rooms and not as a single housekeeping unit. The term ‘family’ as used in this ordinance shall be defined as one or more persons occupying premises and living as a single housekeeping unit.”
Appellee, Bancroft Hotel Associates, Inc., owns and operates a one hundred and fifty room hotel on Collins Avenue in Miami Beach, Florida. Included are twenty-four rooms, each of which are equipped with small built in kitchen units containing a refrigerator, cabinets, sink, and two-burner stove. The kitchen units were installed in 1957 pursuant to a building permit issued by appellant, city of Miami *773 Beach, and the installation was duly inspected and approved. At the time the kitchen units were installed, there was an adjoining sleeping room connected by a doorway which went to make up an apartment of two rooms containing a floor space in excess of that required by the ordinance. Sometime later because of economics, the Bancroft Hotel chose to shut the door between the two rooms leaving, instead of a one two-room apartment with kitchen, two units with one containing a sleeping room and the other containing a one-room efficiency apartment with kitchen. The closing of the door thus brought into play the ordinance and this law suit.
It is plain to see that the ordinance cannot be supported via the city’s police power. The wiring, sanitation, and whole installation had been specifically approved by the city for the room in question. It has not been shown that the installation poses any hazard not common to all or that the floor space requirement of four hundred (400) square feet has any critical relation to matters of fire hazard, sanitation, health, welfare or morals. The only change here has been the permanent separation of the two rooms by closing the intervening door.
Appellants suggest that a city may determine a minimum floor area for family apartment living. Such may be true but this ordinance is not designed or related so as to properly accomplish this purpose.
Taking into account the identity of the protagonists for the enactment and enforcement of this ordinance, namely, the Miami Beach Apartment Association, the contents of the minutes of the city Council of Miami Beach concerning this ordinance, the arbitrary and nowhere justified criteria of four hundred (400) square feet of floor space, the limited application of the ordinance, the effect of the ordinance upon competing groups in the tourist accommodation business, the mentioned fact that the ordinance cannot be reasonably related to the police power, it is patent and beyond real debate that the sole aim of the ordinance was to interfere with business competition and the operation of natural economic laws in a discriminatory manner. This proposition cannot be upheld. See Lippow v. City of Miami Beach, Fla.1953, 68 So.2d 827, and Charnofree Corporation v. City of Miami Beach, Fla.1954, 76 So.2d 665.
This court finds that the chancellor was eminently correct in decreeing the ordinance to be unconstitutional and void.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.