194 So.2d 652 (1967)
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Petitioner,
v.
David EASON, Respondent.
No. 66-227.
District Court of Appeal of Florida. Third District.
January 24, 1967.
Rehearing Denied February 22, 1967.
*653 Joseph A. Wanick, City Atty., for petitioner.
Shutts & Bowen, Herbert L. Nadeau and Joseph I. Davis, Miami, for respondent.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
CARROLL, Judge.
The respondent David Eason was charged with violation of a provision of the zoning ordinance of the City of Miami Beach.[1] He pleaded nolo contendere in the municipal court. As authorized and required on such a plea when it is accepted, sentence was imposed. He was fined $50.
Eason superseded the judgment and appealed therefrom to the circuit court, which has final appellate jurisdiction of appeals from decisions of municipal courts. Art. V, § 6(3) Fla. Const., 26 F.S.A. The circuit court first affirmed, then on rehearing reversed. Thereupon the city appealed.
At the outset we note that this appeal is from a decision rendered by the circuit court in exercise of its appellate jurisdiction. Provision is not made for appeal of such a decision to this court. However, it is provided in § 59.45 Fla. Stat., F.S.A. that where an appeal is improvidently taken when the remedy might have been more properly sought by certiorari, the notice of appeal and the record thereon may be regarded and acted on as a petition for certiorari duly presented. Accordingly, we take jurisdiction and treat the appeal as a certiorari.
The charge on which the respondent was prosecuted in the Miami Beach municipal court was: "* * * that he [David Eason] did service a rented vehicle with gasoline while said vehicle was parked on a parking area or premises controlled by the Deauville Hotel while awaiting use by the rental customer, * * *"
The defendant's plea of nolo contendere left open for review only the sufficiency of the charge, and operated as a waiver of all defenses other than that no offense was charged. Peel v. State, Fla. App. 1963, 150 So.2d 281, 292. Within that limitation, the defendant, in appealing to the circuit court, properly could and did contend that the charge stated against him by the city constituted no offense, for the claimed reason that the provision of the ordinance on which it was predicated was unconstitutional.
The zoning ordinance (No. 289, Section 5(4) provides that in hotels consisting of 100 or more guest rooms certain designated service facilities are authorized, including automobile rental sub-agencies. The pertinent language of the ordinance as to automobile rental sub-agencies is as follows:
"Hotels consisting of one hundred (100) or more guest rooms may contain * * * the following service facilities, when designed and intended for use solely and exclusively as an incident to the principal hotel use, to wit: * * automobile rental sub-agencies, subject to the same requirements as other accessory use facilities enumerated in the aforementioned sections, provided that no rental cars be stored on the controlled premises or parking areas of such hotels unless there is a bonafide contract *654 on file at such hotel automobile rental sub-agency as proof that a particular car stored is under hire in that area by a guest of the establishment, and further provided that during such normal parking the rented vehicle may not be serviced with gasoline or oil or repaired in such parking area while awaiting use by the rental customer, * * *"
The basis on which the circuit court (on appeal) held the applicable provision of the ordinance invalid is shown by the judge's order as follows:
"The appellant raises several constitutional attacks upon the ordinance pursuant to which he was arrested and convicted. Suffice it to say that upon the authority of Fox v. Bancroft Associates, Inc., (Fla.App.) 128 So. (2) 771, the Court finds that the ordinance in question is unconstitutional, and having so determined, it follows that the judgment of conviction and the sentence imposed by the Miami Beach Municipal Court be and the same is hereby reversed."
In the case of Fox v. Vancroft Hotel Associates, Inc., Fla.App. 1961, 128 So.2d 771, cited and relied on by the circuit court, this court held invalid a provision of the zoning ordinance of the City of Miami Beach which prohibited cooking facilities in apartments, hotels or rooming houses, in living or sleeping rooms or compartments "of less than four hundred (400) square feet." It was there held that when such a room or "compartment" was properly wired and equipped for cooking, from the standpoint of electrical and fire safety regulations such as would be required and done in a larger size room or compartment, there was no reason of public health, safety or welfare to support an exercise of police power to prohibit cooking facilities in living and sleeping rooms or compartments of less than four hundred square feet while at the same time permitting it in those over four hundred square feet. In addition, in the Fox case, this court recognized the challenged restrictive zoning provision as one dictated by economic reasons relating to business competition, rather than as a purposeful exercise of police power. Neither of those objectionable features for which a provision of the zoning ordinance was invalidated in the Fox case are present in the instant case. In our opinion the Fox case is not applicable here, and the reliance of the circuit court on that decision, as a reason or authority for reversing the conviction of the Miami Beach municipal court, was misplaced.
The provision of the zoning ordinance allowing automobile rental sub-agencies to be maintained on the premises of hotels of one hundred or more rooms was one of a large number of service facilities or businesses allowed to be present and conducted on the premises for the convenience of such hotels and their guests.[2]
Automobile rental sub-agencies are not, as the respondent contends, the only service facility listed in the ordinance for which conditions and limitations in use are imposed. Valet service is restricted in several respects, and cabarets are subjected by this section of the ordinance to stringent and numerous restrictions.
Respondent contends the conditions imposed are invalid and unenforceable because they are vague and uncertain. The conditions or restrictions provided are that rental automobiles shall not be stored on the premises "unless there is a bona *655 fide contract on file at such sub-agency as proof that a particular car stored is under hire in the area by a guest of the establishment," and that "during such normal parking the rented vehicle may not be serviced with gasoline or oil or repaired in said parking area while awaiting use by the rental customer."
We can not agree with the respondent that those conditions are stated in terms so uncertain that their meaning and intent can not readily be determined. From the wording used it is apparent that the intent of the stated conditions or restrictions is to prevent the known limited car storage and parking area of such hotels from being used to store or park rental cars which have not actually been rented to guests, and that the repair and servicing of such rented automobiles by the rental agency shall not be done in the hotel parking area but must be done elsewhere.
A further contention of the respondent is that the ordinance relating to the enumerated special services is invalid because the ordinance makes them available to hotels having a hundred or more rooms, and does not make them available to smaller hotels. That contention lacks merit. It is not unreasonable for the city to recognize there is a need in the larger hotels to have such special services available to aid in the operation of such hotels and for the convenience of their guests, not present in the smaller hotels having a lesser clientele not sufficient to justify them. Moreover, in this instance the privilege was not denied, but was granted by the ordinance in this class of hotels. This argument of the respondent, if it has any merit, and we do not hold or imply that it has, should come from one not covered by the ordinance.
The effect of the circuit court's order was to hold that the provision of the ordinance authorizing automobile rental sub-agencies on the premises of such hotels was valid, but that having granted that privilege the city could not restrict or condition the grant by prohibiting such rental agencies from repairing or servicing the rented automobiles with gasoline or oil while in the parking area of the hotel.
It is not made clear whether the holding of the circuit court was that no restrictions could be imposed on the handling of the rental automobiles brought thereon by the authorized sub-agency, or that only the restriction against servicing the leased cars on the premises was invalid. In either case the holding of the circuit court, in our opinion, was in error.
The automobile rental agency was not operating a rental sub-agency on the premises as a matter of right. The authority to do business there through a sub-agency was granted by the zoning ordinance. Otherwise, as is usual with many hotels, rental automobiles or taxi cabs desired by guests would be obtained and made available through an employee of the hotel calling for them by public or private line telephone to the agency office located off the premises.
In choosing to grant such hotels and automobile rental agencies the convenience of having a sub-agency located on the hotel premises, the city was entitled to impose reasonable conditions of use. We are not persuaded that the conditions imposed have no reasonable relation to public health, safety and welfare. It is not shown on the record that the conditions or restrictions involved were not reasonable and proper to be imposed by the city under its police power. The ordinance properly included provisions making a violation an offense, and fixing penalties.
For the reasons stated we hold that the order of the circuit court declaring invalid the provision in question of the zoning ordinance of the City of Miami Beach was a departure from essential requirements of law. Accordingly, the order of the circuit court is quashed, and the cause is remanded to the circuit court with direction to enter an order of affirmance.
It is so ordered.
NOTES
[1] In the municipal court it was shown that Eason was an employee of an automobile rental agency having a sub-agency at a hotel on Miami Beach.
[2] Included in the list of service facilities which were authorized "for use solely and exclusively as an incident to the principal hotel use" were: dance studios, barber shops, beauty shops, dining rooms, restaurants, coffee shops, Modistes, sale of wearing apparel, furriers, millinery shops, antique shops, jewelry stores, gift shops, telegraph stations, florists shops, fruit shippers, photograph galleries, tobacco, magazine, newspaper and drug sundry shops, valet service, massage service facilities, and cabarets.