221 So.2d 409 (1969)
STATE of Florida ex rel., Willie A. CARTER, Relator,
v.
Honorable John T. WIGGINTON, Chief Judge, and the Other Honorable Judges of the District Court of Appeal, First District, et al., Respondents.
No. 37712.
Supreme Court of Florida.
March 19, 1969.
Rehearing Denied May 5, 1969.
Donald Feldman, of Feldman & Abramson, Miami, for relator.
Earl Faircloth, Atty. Gen., Robert A. Chastain, Asst. Atty. Gen., Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, and Patrick H. Mears, Tallahassee, for respondents.
PER CURIAM.
This cause is here on suggestion for writ of prohibition.
Relator filed suggestion for writ of prohibition in the Circuit Court alleging the Florida Industrial Commission "as it is presently constituted, is improperly constituted and as such does not have proper jurisdiction" of a matter then on review by the Commission. The Respondents moved to dismiss on the ground the Circuit Court lacked jurisdiction to issue the writ for the reason it did not have appellate jurisdiction to review Workmen's Compensation orders. The Circuit Court denied the motion and Respondents filed in this Court a suggestion for writ of prohibition, alleging the Chancellor was exceeding his jurisdiction. This Court denied the suggestion and, subsequently, after a return to the Circuit Court's order to show cause had been filed and on motions by Relator and Respondents for summary judgment, the Chancellor held, in substance, the Commission was illegally constituted and entered its peremptory writ of prohibition.
Respondents appealed to the District Court of Appeal, First District, and the cause was duly argued. Pending disposition *410 of the appeal, Relator filed and the District Court denied a suggestion of lack of jurisdiction. The District Court then filed its order and opinion on the merits of the cause, reversing and remanding, holding the Circuit Court lacked jurisdiction to issue prohibition to the full Commission for the reason it was not a court of appellate jurisdiction over the orders of the full Commission dealing with Workmen's Compensation matters.
Relator petitioned for rehearing in the District Court and filed with this Court its suggestion for writ of prohibition directed to the District Court. The District Court denied rehearing.
This Court entered its rule nisi in prohibition. The returns and briefs have been filed and argument heard. We think it implicit in our order of April 4, 1967, denying the suggestion for writ of prohibition to the Circuit Court, that, on the law and facts involved, the Circuit Court had jurisdiction of the cause and, in that respect, the law of the case was established.
It is our view the Circuit Court, as to the subject matter of the suit, did no more than apply Florida Statutes § 440.44 (2), F.S.A. and, in consequence, the District Court was the proper forum on appeal. The District Court's decision left relator's relief, if any, by way of review here. The writ of prohibition is denied on procedural grounds without adjudicating the merits of the basic question regarding the validity of the organization of the current Florida Industrial Commission. That will have to await presentation in an orderly fashion.
It is so ordered.
ROBERTS, DREW, THORNAL, CARLTON ADKINS and CALDWELL (Retired), JJ., concur.
ERVIN, C.J., dissents with opinion.
ERVIN, Chief Justice (dissenting):
It is noted the District Court in its opinion reported in Johnston v. State ex rel. Carter, 213 So.2d at 435 holds:
(1) Prohibition to determine the validity of the composition of the members of the Florida Industrial Commission pursuant to F.S. Section 440.44(2), F.S.A., does not lie in the Circuit Court because it has no supervisory or appellate jurisdiction to review orders of the Industrial Commission.
(2) The Circuit Court did not construe a controlling provision of the Florida Constitution in determining it had jurisdiction to issue its writ of prohibition to the Industrial Commission, but merely applied such provision and Section 440.44(2) in determining the matter. Therefore, the District Court, and not the Supreme Court, had jurisdiction to review the judgment of the Circuit Court in the latter's prohibition proceeding; and,
(3) the Supreme Court apparently denied prohibition seeking to restrain the Circuit Court (see State ex rel. Johnston v. McCord, Fla., 201 So.2d 459) from proceeding in prohibition against the Commission solely because such prohibition proceedings did not involve ultimate questions at the trial level directly appealable to the Supreme Court as a matter of right.
The District Court, after holding as stated above, remanded the case to the Circuit Court with instructions to treat it as an action for declaratory judgment or injunction with leave to make appropriate amendments in the pleadings to recast the case accordingly.
It is my view that in certain cases, as in the instant one, where the appropriateness *411 of the procedural remedy of review is placed in doubt by the nature of the proceedings and holdings below, we are justified in treating a timely filed petition for an extraordinary writ which we deem to be misconceived or inappropriate in another category of review that will invoke our jurisdiction. Particularly should this be done where the case is one of sufficient public interest to warrant a review and a review of the merits of the case would not be afforded if we refused to treat the application for review in another category invoking our jurisdiction. This view comports with the liberal intent of the review provisions of Article V of the Florida Constitution, F.S.A. which were designed to afford expeditious and nontechnical reviews by the appellate court.
It appears to me this is a classic case where in order to afford an adequate and timely review remedy we should treat the petition for writ of prohibition as an appeal. The decision of the District Court is replete with initial constructions of controlling provisions of the Florida Constitution relating to the power of this Court and the Circuit Court to issue writs of prohibition; therefore, in essence, the District Court's decision is appealable to the Supreme Court.
See such cases as Marshall v. Bacon (Fla.), 97 So.2d 252; Hillsborough County Aviation Authority v. Walden (Fla.), 210 So.2d 193 (appeals treated as certiorari); Diamond Berk Ins. Agency, Inc. v. Goldstein, Inc. (Fla.), 100 So.2d 420 (certiorari denied without prejudice to apply for prohibition), and Harper v. State (Fla.), 172 So.2d 454 (certiorari treated as habeas corpus), as examples where we have exercised our authority to treat a misconceived review application in a category invoking our jurisdiction. See also, F.S. Section 59.45, F.S.A., pursuant to which the District Courts have treated misconceived procedural review efforts in another category. City of Miami Beach v. O'Hara (Fla.App.), 166 So.2d 598, and City of Miami Beach v. Eason (Fla.App.), 194 So.2d 652.
I digress to express an obiter suggestion that it would be a salutary reform, avoiding much of the delay and confusion which is typified by a case of this kind, if references to particular extraordinary writs (with the exception of habeas corpus which historically any Justice may issue) were deleted from Article V in the forthcoming revision, at least insofar as the jurisdiction of the Supreme Court is concerned. This suggestion comports with our liberalizing holding in Couse v. Canal Authority (Fla.), 209 So.2d 865. Much of the present confusion arises from these references to archaic extraordinary writs with their common law derivations and interpretations which are enmeshed in the modernized language of Article V delineating the organic review areas of the appellate courts.
It should suffice to spell out in the revision the organic area of this Court's original and appellate jurisdiction in particular cases and situations that differs from the jurisdiction of other constitutional courts. An "all writs" authority to preserve the Court's ultimate appellate jurisdiction, coupled with the right of review merely by petition in all other original and appellate areas, should be ample procedural review machinery. The emphasis in the revision should be placed upon clearly delineating the particular cases and situations reviewable by the Supreme Court and not upon the procedural types of writs and appeals applicable for such review.
Returning now to consideration of the instant case, I find the construction the District Court places on those provisions of the Constitution relating to the power of the Supreme Court and the Circuit Court to issue writs of prohibition to be partially in error, and I would quash the District Court's decision for the reasons hereinafter stated.
*412 While I agree with the District Court that in issuing its writ of prohibition the Circuit Court applied and did not construe a controlling provision of the Constitution, I do not agree with the District Court that the Circuit Court was without any authority to issue the writ because the Circuit Court has no supervisory or appellate jurisdiction over the Florida Industrial Commission since only the Supreme Court by statute can review orders of the Commission. See F.S. Section 440.27, F.S.A., and Section 26(10), Article V, State Constitution.
The rule to which the District Court directs attention, namely, that only the court having supervisory or appellate jurisdiction over inferior courts or tribunals has authority to issue writs of prohibition or other extraordinary writs to such inferior courts or tribunals, does not apply to the Supreme Court in all instances because of its limited supervisory and appellate jurisdiction. For example, as the District Court itself points out, the Supreme Court does not have the power to issue a writ of prohibition to the Circuit Court in this case because it (the Supreme Court) has no appellate jurisdiction to review the non-appealable questions decided by the Circuit Court's judgment of prohibition against the Commission. However, the fact that the Supreme Court has jurisdiction by statute to review Industrial Commission orders might in a proper case authorize it to issue a writ of prohibition to the Circuit Court to restrain it from interfering with the Supreme Court's reviewing authority of Commission orders.
The District Court has no supervisory or appellate jurisdiction to review orders of the Industrial Commission, hence it has no authority to issue a writ of prohibition to the Commission; however, it does have both appellate and supervisory jurisdiction over the Circuit Court.
The foregoing considered, it would appear the power resided in the Circuit Court to issue a writ of prohibition to determine the validity of the membership constituting the Commission pursuant to F.S. Section 440.44(2), F.S.A., under its exclusive original jurisdiction. Section 6(3) of Article V of the State Constitution provides the circuit courts "shall have exclusive original jurisdiction in all cases in equity * * * in all cases at law not cognizable by subordinate courts * * *. The circuit courts and judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction." This exclusive original jurisdiction of the circuit courts is recognized as including all controversies in law or equity not cognizable in the subordinate courts. It must embrace the power to entertain all cases cognizable in law or equity questioning the validity or jurisdiction of a state board or commission. To insure the complete exercise of their jurisdiction to adjudicate in such cases, the circuit courts may issue necessary extraordinary writs, provided the power to entertain the same has not been exclusively pre-empted by law in favor of a superior appellate court. See Couse v. Canal Authority, supra. No pre-emption appears to exist in the instant situation.
Due to the particular circumstances of this controversy, the Circuit Court deemed it appropriate to issue its writ of prohibition directed to the Commission rather than to proceed in some other form of action. I think we should presume its discretion to issue the writ was correctly exercised.
The history of the writ of prohibition reveals that it was originally issuable by every court possessing general common law jurisdiction. 35 Fla.Jur. § 38. Under our present-day system of tribunals, the circuit court possesses that jurisdiction which most closely resembles common law jurisdiction as it existed prior to the adoption of the Constitution of 1885. Of course, it is *413 axiomatic that a tribunal possessing the authority to issue the writ may not issue the same to a court or tribunal possessing concurrent or supervisory jurisdiction. This rule is mandated by the necessity to prevent chaos and to preserve the integrity of the judicial system. However, where it is clear, as in the present case, the issuance of the writ to the Commission will not contravene this mandate, the question of jurisdiction to issue the writ must be resolved by other considerations. In the case sub judice, the Circuit Court, possessing as it does the modern-day equivalent of general common law jurisdiction, was the proper forum to adjudicate the underlying controversy which operates to invoke applicability of the writ  i.e., whether the Industrial Commission was duly constituted in conformity with F.S. Section 440.44 (2), F.S.A. Where the controversy which gives rise to application of the writ was originally cognizable in the circuit court, the same not being initially or originally entertainable in a court or tribunal possessing concurrent or superior jurisdiction over the circuit court, it appears reasonable to conclude the circuit court has jurisdiction to issue the writ. Any other interpretation of the jurisdiction to issue the writ relegates it not in accordance with the jurisdiction over the controversy out of which the need for the writ arises, but rather, in accordance with the supervisory trier of review inherent in any judicial system. Nothing in the Constitution indicates an intent to abrogate the general common law principles in favor of such a rigid limitation on this historical writ.
The conclusion reached above comports with regular judicial processes. The circuit courts, exercising their original trial jurisdiction, initially decide most of the basic controversies involving legal and factual questions which are reviewable by the District Courts and the Supreme Court. It is anomalous to expect that a superior appellate court would initially sift the facts of this case and determine exclusively the question of the validity of the composition of the Industrial Commission. However, that appears to be the conclusion reached by the District Court.
The foregoing considered, it also appears anomalous for the District Court to hold that it was error for the Circuit Court to proceed in prohibition but if the writ is recast as a declaratory judgment action or an injunction, the Circuit Court can go over the same ground and decide the same issues as were decided under the writ of prohibition.
Passing now to another point in the case, it does not necessarily follow, as the District Court assumed, that when we denied prohibition (see State ex rel. Johnston v. McCord, Fla., 201 So.2d 459) to restrain the Circuit Court from proceeding in prohibition against the Industrial Commission, we based our denial solely on our lack of jurisdiction over the subject matter. For aught that appears, our denial may have been predicated upon the assumption the Circuit Court did have jurisdiction to issue the writ because it in nowise interfered with our power to review Commission orders. Nor did we transfer the petition addressed to us for a writ of prohibition to restrain the Circuit Court to the District Court on the basis our jurisdiction had been improvidently invoked. Since we refused to restrain the Circuit Court from proceeding to judgment in the prohibition proceedings before it, the District Court's decision after the final judgment in prohibition of the Circuit Court that the Circuit Court lacked jurisdiction in the case must have come to the latter as a distinct surprise. On the surface at least, under such a set of circumstances our refusal to restrain the Circuit Court would indicate to it and the litigants "the law of the case" had been made in favor of the Circuit Court's retaining authority to decide the controversy.
*414 I reiterate it appears to me the District Court initially construed controlling provisions of the Florida Constitution. Since we do not have jurisdiction to review the case pursuant to the petition for writ of prohibition, I would treat the petition as an appeal due to the importance of the questions involved, the need to afford an adequate remedy of review in this case, the need to settle the procedural confusion and complexities involved and to avoid the lost motion and delay in thrashing out the same issues in another form of action in the trial court.
I conclude the District Court erroneously construed controlling provisions of the Constitution relating to the power of the Circuit Court to issue a writ of prohibition in this case and would quash the District Court decision in this respect. Having determined that the District Court's decision is in error in this particular, I would remand the case to the District Court to review the merits of the Circuit Court's final summary judgment granting a peremptory writ against the members of the Florida Industrial Commission.
I would add the further comment that it appears to me there is so much confusion and doubt as to the function and use of extraordinary writs by and between the constitutional courts an effort should be made to eliminate them, with the exception of habeas corpus, in the forthcoming revision of Article V. This case and many others which have been decided by Florida appellate courts attempting to construe the present language of Article V demonstrate they are in reality procedural "chameleons" confusing to the bench and bar.