PER CURIAM.
This matter was presented in the form of a direct appeal, not as a petition for common law certiorari. The significance of this procedure will be touched upon in the brief opinion which follows.
The facts which generated this appeal can be briefly stated. An officer of the City of Fort Lauderdale Police Department obtained a room at a local motel in Fort Lauderdale, Florida, after having called the defendant, stating to her that he understood from a mutual source that “we could have companionship”. Subsequently, the defendant, Dorothy Couts, came to the motel room where a second police officer was registered, the defendant being arrested after certain planned events took place.
Thereafter, the defendant was charged in the Municipal Court of the City of Fort Lauderdale with offering to commit prostitution in contravention of the applicable Florida Statute and city ordinance. Trial was held on December 11, 1968, following which, the defendant was adjudicated guilty. The conviction was appealed to the Circuit Court of Broward County, Florida, the appeal resulting in a reversal. Subsequently, the City of Fort Lauderdale filed its notice of appeal seeking a review of the *875 order of circuit court which overturned the trial court’s finding of guilt.
The points raised by the City on appeal suggest that the reviewing court (circuit court) committed error in allowing the defense of entrapment, and in applying, to the facts of the case, the holdings as enunciated in the Miranda[1] and Escobedo [2] decisions.
The Constitution of the State of Florida, as revised in 1968, provides in Article V § 6(3), F.S.A., that the circuit courts shall have final appellate jurisdiction of all cases arising in municipal courts.
The appellate jurisdiction of the district courts of appeal emanates from Article V § 5, of the Florida Constitution (as revised in 1968), which provides, in part, that appeals from trial courts in each appellate district may be taken to the court of appeal of such district as a matter of right.
As noted this appeal is from a decision rendered by the circuit court in the exercise of its appellate jurisdiction. There is no provision for the appeal of such a decision to this court. However, F.S. Section 59.45, F.S.A., provides where an appeal is improvidently taken, when the remedy might have been more properly sought by certiorari, a notice of appeal and the record thereon may be regarded and acted on as a properly presented petition for certiorari. See City of Miami Beach v. Eason, Fla.App.1967, 194 So.2d 652.
Accordingly, we have treated the appeal and the record thereon as a petition for certiorari, and in this context, conclude that the circuit court sitting as an appellate court did not exceed its jurisdiction and did not depart from the essential requirements of law.[3] The record reflects adequate competent evidence to support the applicability of the defense of entrapment. (See sources cited in 52 A.L.R.2d 1194). Also, Thomas v. State, Fla.App.1966, 185 So.2d 745.
Affirmed.
CROSS, C. J., McCAIN, J., and METZ-GER, JOSEPH P., Associate Judge, concur.

. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

. State v. Smith, Fla.App.1960, 118 So.2d 792. The distinction between certiorari and appellate jurisdiction is more than a mere difference in form, as pointed out in: Arvida Corporation v. City of Sarasota, Fla.App.1968, 213 So.2d 756; State v. Furen, Fla.1960, 118 So.2d 6; 5 Fla. Jur., Certiorari, § 5 (1970 Supp.).