ENGLAND, Justice
(concurring).
I fully concur in the Court’s decision in this case, but I would use the occasion of this appeal to consider the advisability of continuing the Ashby doctrine of reserved appellate questions.
At the time Ashby was adopted it was anticipated that the resolution of controversies would be expedited and that the legal issues for appeals would be more narrowly drawn.[1] The doctrine, however, has engendered appeals in cases where the defendant’s guilt is not subject to serious question and the points of law preserved for appellate review are not meritorious. Deciding these cases has required more judicial labor and taxed more resources of the criminal justice system than the benefits which originally were perceived in fact warrant.
I believe it is now appropriate to adopt for Florida the rule of law, rejected in Ashby, which the Second District Court of Appeal first described in Peel v. State[2] and the Third District Court of Appeal applied in City of Miami Beach v. Eason.[3] In light of the complete discussion of the history and legal effect of no contest pleas in Peel, I will not burden this concurrence with a repetition of those views. I would simply adopt as my own so much of that decision as deals with this subject matter.[4]

. State v. Ashby, 245 So.2d 225, 228 (Fla.1971).

. 150 So.2d 281 (Fla.2d DCA 1963), appeal dismissed, 168 So.2d 147 (Fla.1964), cert. denied, 380 U.S. 986, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965).

. 194 So.2d 652 (FIa.3d DCA 1967).

.Essentially, 150 So.2d at 283-92. Additionally, I would now approve, as being without technical deficiency, the use of the English equivalent “no contest” for the Latin phrase “nolo contendere”. Indeed, such usage may be preferable to avoid communication difficulties with criminal defendants. See Fox v. State, 112 Fla. 104, 150 So. 228 (1933).