LEHAN, Judge.
A tenured school teacher and several teachers’ unions appeal a circuit court order sending to arbitration a dispute over the teacher’s dismissal by the District School Board of DeSoto County. They contend that the order erroneously limited arbitration to a procedural review of the record rather than allowing a de novo proceeding. On cross-appeal, the school board contends that the court erred in sending the matter to arbitration at all. We affirm the order requiring arbitration, but reverse that portion of the order which limits the extent of the arbitration proceeding.
The school board’s contention that no arbitration was appropriate is controlled by Public Employees Relations Commission v. District School Board of DeSoto County, 374 So.2d 1005 (Fla. 2d DCA 1979). The issue in that case was substantially the same as the issue here — whether a provision in a collective bargaining agreement between a school board and a teachers’ union which provides that the grievance procedure following a decision to suspend or dismiss a tenured teacher will include arbitration is in conflict with section 231.36, Florida Statutes (1985), pursuant to which suspension or dismissal of a schoolteacher may be appealed by the teacher to the district court of appeal. In DeSoto County this court decided that arbitration may be provided for in a collective bargaining agreement, as it was here, that arbitration is an alternative to the statutory appeal procedure provided by section 231.36, and that that alternative may be selected by a discharged teacher, as it was here. No contention has been made by the school board that in entering into the collective bargaining agreement it did not voluntarily agree to arbitrate. We attach no significance in this context to the amendment to section 231.36, which occurred after the DeSoto County decision was rendered, changing the initial forum for a teacher’s appeal of an adverse school board decision from the state Board of Education to a district court of appeal. This court’s rationale for concluding that such an alternative selection is available remains the same.
We do not conclude that Lake County Education Association v. School Board of Lake County, 360 So.2d 1280 (Fla. 2d DCA 1978), cited by the school board, controls this case. That case concerned a school board’s power to delegate to an arbitrator the decision of whether or not to reappoint a nontenured teacher for the following school year.
The parties agreed at oral argument that if arbitration is appropriate, as we have now held it is, the arbitration hearing should be conducted as a de novo proceeding.
*930 Accordingly, we affirm that portion of the trial court’s order directing the parties to submit the dispute to arbitration, but reverse the portion of the order which purports to limit the scope of the arbitration to a review of the procedure used by the school board in reaching its decision.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
DANAHY, C.J., and SCHOONOVER, J., concur.