245 So.2d 225 (1971)
STATE of Florida, Petitioner,
v.
Wayne Thomas ASHBY, Respondent, (Two Cases).
STATE of Florida, Petitioner,
v.
Robert David CAREY, Respondent, (Two Cases).
No. 39304.
Supreme Court of Florida.
January 6, 1971.
Rehearing Denied February 3, 1971.
*226 Robert L. Shevin, Atty. Gen., and Michael N. Kavouklis, Asst. Atty. Gen., for petitioner.
David W. Barrow, III, Pinellas, for Wayne Thomas Ashby.
Robert E. Jagger, Public Defender, and James L. DeMoully, Asst. Public Defender, for Robert David Carey.
ADKINS, Justice.
The question central to this case is whether the convictions of respondents, defendants below, resulting from the use of evidence which they contend was illegally searched for and seized by officers, can stand. The District Court of Appeal, Second District, reversed the convictions, and held that the evidence was obtained as a result of an unreasonable search and seizure. The District Court of Appeal also held that the defendants could conditionally plead nolo contendere. The opinion of the District Court of Appeal, reported at 228 So.2d 400 (Fla.App.2d, 1969), is in conflict with prior appellate decisions of this State, including the opinion of this Court in Falcon v. State, 226 So.2d 399 (Fla. 1969), and the decision of the District Court of Appeal, Third District, in City of Miami Beach v. Eason, 194 So.2d 652 (Fla.App. 3rd, 1967). The State petitioned for certiorari to the District Court of Appeal. We have jurisdiction.
Two issues must be resolved. First, was the evidence obtained as a result of an illegal search and seizure? Second, may defendants plead nolo contendere, reserving for appeal the question of legality of seizure of the evidence against them?
The facts of this case are as follows: Police, seeking to arrest one Allen West for armed robbery, were told by an informant that West could be found in a tavern on a specified evening. West was found there, in the company of defendants. West was arrested. Defendants talked with officers, then were driven about 1:30 a.m. to the location which they said was their residence. Shortly after, police were told by their informant that defendants actually lived with West at another location, that a stolen red car and a stolen trailer and motor could be found in the yard of the house, and that a stolen boat and motor were in the garage on the premises. Officers from the street observed a trailer and motor in the yard, and saw a red car matching the description they had been given. Upon investigation, the red car proved to carry a license tag which had been issued to another vehicle; this reinforced the suspicion that the red car was stolen. With this information, officers went onto the premises to seize the evidence *227 and to arrest the defendants. Before making the arrests, they looked about. They did not carry a valid search warrant. Without intruding into or opening the garage, officers looked in through a cracked door and observed a boat and motor. A deputy later testified the evidence all was seized because officers feared defendants would attempt to get rid of the property. It is noted that defendants knew their companion had been arrested, they had given false information to officers, officers had been told by their informant that property in the yard and garage was stolen, and the red car was known to be illegally tagged. In addition, all the items of evidence are by nature easily movable, if not by defendants then possibly by others. After their arrest, and after the evidence was seized, defendants gave incriminating statements. Subsequently, they recanted and objected to use of the evidence taken from their premises on grounds of improper search and seizure. They pleaded nolo contendere, reserving the question whether the evidence against them was seized as the result of an improper search.
The District Court of Appeal ruled the evidence inadmissible, relying on the decision of the United States Supreme Court in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). This decision was handed down almost one year after respondents were arrested in the case sub judice. In Chimel v. California, supra, officers arrested defendant at home, and incident to his arrest searched his house and adjacent premises; incriminating evidence was found in the house. The United States Supreme Court held the search invalid on grounds it was too broad to be incident to lawful arrest, after stating that prior decisions on the question of search incident to arrest were "far from consistent, as even the most cursory review makes evident." In Chimel v. California, supra, the United States Supreme Court overruled numerous precedents and concluded that the search
"[W]ent far beyond the petitioner's person and the area from within which he might have obtained either a weapon or something that could have been used as evidence against him. There was no constitutional justification, in the absence of a search warrant, for extending the search beyond that area."
The conviction obtained in the California state courts was reversed.
We conclude Chimel is not controlling in the case sub judice; no search of the premises was required.
As this Court observed, State v. Parnell, 221 So.2d 129 (Fla. 1969),
"It is well settled that when an officer, while engaged in performing his lawful duties, observes contraband items or goods that he has probable cause to believe are stolen, such goods may be seized without a search warrant and are admissible in evidence." (p. 131)
The principle is fundamental in the Parnell decision that a search and a seizure are separate and distinct legal actions. A search is generally accepted to be an inspection or examination of places closed from public or general view, and requires some measure of force or intrusion. A seizure is the act of taking custody of evidence or contraband.
The amount of intrusion or force required to constitute a search may be slight. Nevertheless, some minimum action is required. In Boynton v. State, 64 So.2d 536 (Fla. 1953), the force consisted of pushing open a partially-open door. In Kraemer v. State, 60 So.2d 615 (Fla. 1952), a package was lifted to look underneath, and in Collins v. State, 65 So.2d 61 (Fla. 1952), a raincoat was moved on a car seat to look underneath.
It is not a search to observe, and to seize, what is so placed where it may be seen by an officer who is where he has a legal right to be. State v. Parnell, supra; *228 Victor v. State, 141 Fla. 508, 193 So. 762 (1940); Blake v. State, 112 So.2d 391 (Fla.App.3rd, 1959). In application of the "open view" doctrine, it is not an unreasonable search without warrant for an officer to move to a position where he has a legal right to be, and look for things he may have reason to believe will be seen.
In light of these statements, the differences between the case sub judice and Chimel are obvious. Chimel involved the intrusion by officers who searched premises room by room and looked in every closet and bedroom drawer. Only after systematic and thorough search was evidence seized. The United States Supreme Court's decision was concerned with the circumstances of the search for evidence, not the seizure of it. In the case sub judice, the red car and trailer and motor were in plain sight of officers who had only to enter the premises to seize the evidence and to arrest respondents. No trespass or intrusion into any private place was involved. Once legally on the premises to arrest respondents, it was not unreasonable for officers to look, without forcing or intruding, into the garage through an existing portal; no search was required to ascertain the existence of evidence inside the garage. It is not a search for officers to see what is before them to be seen; they are not required by the Constitution to stop up their senses. If officers had found it necessary to open doors or otherwise exert force in searching for evidence, outside the immediate control of defendants on their arrest, then evidence resulting from that search would be proscribed under the ruling of the Chimel decision; such, however, is not this case.
In summary, we conclude that no unreasonable search or unreasonable seizure existed on the facts of this case, where the evidence seized was visible in the yard, or observable through an existing portal to officers who exerted no force and who were legally on the premises. Accord, Perkins v. State, 228 So.2d 382 (Fla. 1969).
The second question in this case is whether the respondents could be permitted by law to plead nolo contendere, conditioned on reservation for appellate review of the question of legality of the evidence seized and used against them. The District Court of Appeal held that respondents in this case could enter such a conditional plea. Conflict is assigned with City of Miami Beach v. Eason, supra, in which the District Court of Appeal, Third District, held that when a defendant pleaded nolo contendere where charged with violation of a zoning ordinance, the only question left open for appellate review was the sufficiency of the charge and all other defenses were waived.
In the case sub judice, the question which respondents attempted to preserve was a question of law, rather than one of fact. Also, the reservation was made on a plea of nolo contendere, rather than a plea of guilty. While the situation is novel in which defendants at a criminal trial desire to plead nolo contendere reserving some questions, the practice is not objectionable, since it expedites resolution of the controversy and narrows the issues to be resolved. The practice is conceptually similar to that of stipulation of facts or law, not uncommon in civil and criminal trials. There appearing to be no policy weighing against acceptance of pleas of nolo contendere reserving questions of law, the decisions of the trial court and District Court of Appeal permitting the conditional plea of nolo contendere were correct. A different result would obtain if the plea was one of guilty rather than nolo contendere, or if the question attempted to be reserved was one of fact suitable for consideration by the jury or trial judge.
That portion of the decision of the District Court of Appeal reversing the conviction of respondents on the ground that the evidence was the result of an illegal search is quashed; that portion of the decision affirming acceptance of a conditional plea of nolo contendere is affirmed. This cause is remanded to the District Court of Appeal *229 with instructions that it be further remanded to the trial court for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, C.J., ERVIN, CARLTON and BOYD, JJ., and DREW, J. (retired), concur.