322 So.2d 597 (1975)
Amanda BEVERLY, Appellant,
v.
STATE of Florida, Appellee.
No. Z-5.
District Court of Appeal of Florida, First District.
November 24, 1975.
Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appeal was taken herein from a judgment and sentence following a plea of nolo contendere which alledegly immediately followed an order denying a motion to suppress. The Supreme Court of Florida held in State v. Ashby, Sup.Ct.Fla. 1971, 245 So.2d 225, that a plea of nolo contendere may be accepted, conditioned upon reservation for appellate review of a question of law. Sub judice appellant candidly conceded that the record in this case contained no indication that the plea was conditioned upon the reservation of a question of law. This Court subsequently, upon appropriate motion, entered an order staying further proceedings for a period of 30 days in order to allow appellant an opportunity to supplement or perfect the record on appeal, demonstrating that the plea of nolo contendere was conditioned upon reservation of right of appeal on a question of law incident to the trial court's denial of appellant's motion to suppress. Appellant has now filed herein a motion entitled "Motion *598 To Proceed With Appeal" in which he requests this Court to consider this case as a "Hollingshead Appeal" (see Hollingshead v. Wainwright, Sup.Ct.Fla. 1967, 194 So.2d 577), citing this Court's opinion in Farrell v. State, Fla.App.1st 1975, 317 So.2d 142.
Appellant has apparently misconstrued our opinion on rehearing in the Farrell case. In that case we initially affirmed the trial court on the basis that the record on appeal did not reveal that appellants had conditioned their pleas of nolo contendere on the reservation of a right to seek appellate review of a question of law. By petition for rehearing defendant Farrell alleged that the omission from the record on appeal resulted from a clerical error and the co-defendant Raulerson alleged that the failure of the record on appeal to reflect the reservation of right to appellate review resulted from an oversight of his attorney, the public defender, and requested this Court to consider the case on its merits in accordance with Hollingshead v. Wainwright, supra. Since we thereupon proceeded to consider the case on its merits, appellant sub judice has concluded that we did so under authority of Hollingshead v. Wainwright. Such is not the case. Examination of the record of that case reveals that the appellants filed a supplemental record (pursuant to appropriate motion and order) which revealed the reservation of the right.
Sub judice appellant has filed an affidavit attached to his above mentioned motion which, however, does not constitute a supplement to the record nor does its recitation meet the test of State v. Ashby, supra. Although that affidavit recites that at the time of the entry of the plea of nolo contendere the defendant "intended" to appeal the trial court's denial of his motion to suppress there is no allegation that the entry of the plea was so conditioned.
Accordingly, appellant's "Motion To Proceed With Appeal" is denied and appellant is allowed to and until November 29, 1975 within which to file a supplemental record reflecting that his plea of nolo contendere was conditioned upon a reservation of right to appellate review of a question of law as permitted by State v. Ashby, supra; failing which this Court will have no alternative but to affirm the judgment and sentence here appealed, as a nolo contendere plea admits all facts which are well pleaded and waives all formal defects in the proceeding of which the accused could have availed himself by a plea of not guilty or motion to quash. (Peel v. State, Fla.App.2nd 1963, 150 So.2d 281).
It is so ordered.
BOYER, C.J., and MILLS and McCORD, JJ., concur.