PER CURIAM.
By per curiam order filed hereon on November 24, 1975, (Beverly v. State, Fla.App. 1st 1975, 322 So.2d 597) we allowed appellant until November 29, 1975, within which to file a supplemental record reflecting that his plea of nolo contendere was conditioned upon a reservation or right to appellate review of a question of law as permitted by State v. Ashby, Sup.Ct.Fla. 1971, 245 So.2d 225. Appellant thereafter filed a motion to which was attached an affidavit of his trial counsel, who does not appear to have been a public defender nor otherwise an employee of the state, requesting that such affidavit be made and considered as a part of the record on appeal. That motion was granted by our order of January 16, 1976.
The record, as supplemented by said affidavit, fails to reveal that appellant’s plea of nolo contendere was conditioned upon any reservation of right nor does the record reveal that appellate review has been *516 frustrated by any state action. (Hollingshead v. Wainwright, Sup.Ct.Fla.1967, 194 So.2d 577)
Accordingly, in accordance with the concluding paragraph of our per curiam order filed November 24, 1975, above mentioned, the judgment and sentence here appealed are
AFFIRMED."
BOYER, C. J., and RAWLS and Mc-CORD, JJ., concur.