402 So.2d 11 (1981)
George SUNE, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1734.
District Court of Appeal of Florida, Third District.
June 16, 1981.
Rehearing Denied September 4, 1981.
*12 Kurt Marmar, Henry Gonzalez, Goodhart & Rosner, Miami, for appellant.
Jim Smith, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
George Sune appeals from conviction and sentencing after he pled nolo contendere to counts of bribery, unlawful compensation and conspiracy. Sune expressly reserved the right to appeal from the court's denial of his motion to suppress recordings of certain conversations Sun had with a Mario Vega, upon a finding by the trial judge that this motion was dispositive of the case. In exercise of that right, Sune now asks this court to determine whether the tape recordings which were obtained as a result of electronic interception by means of a recording device placed on Sune's home phone without a warrant or the existence of exigent circumstances, should be suppressed as violative of Article I, Section 12 of the 1968 Florida Constitution.
After reviewing the record, we find ourselves unable to address the merits of Sune's appeal because the issue is not dispositive on appeal. Brown v. State, 376 So.2d 382 (Fla. 1979); Corraliza v. State, 391 So.2d 330 (Fla. 3d DCA 1980). Where the same information that is available on the recordings which Sune seeks to suppress, could be obtained from the testimony of Vega, the other participant in the recorded conversations, the trial judge clearly erred in finding the issue raised by the motion to suppress dispositive on appeal. See, e.g., Campbell v. State, 386 So.2d 629 (Fla. 5th DCA 1980). See also Brown, supra at 385.
Nor is there any record evidence of a stipulation between counsel for Sune and the State that the ruling on the admissibility of the recordings is dispositive of the appeal which would permit us to reach the merits. Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), affirmed, 392 So.2d 1324 (Fla. 1981). See also Basten v. State, 382 So.2d 1362, 1363, n. 1 (Fla. 2d DCA 1980).
Appeal dismissed. See Hardison v. State, 385 So.2d 738 (Fla. 2d DCA 1980).