438 So.2d 826 (1983)
STATE of Florida, Petitioner,
v.
Angela CARR, Respondent.
No. 62972.
Supreme Court of Florida.
September 29, 1983.
*827 Jim Smith, Atty. Gen. and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Louis G. Carres, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
PER CURIAM.
This is a petition to review Carr v. State, 421 So.2d 1098 (Fla. 4th DCA 1982), on the ground that it conflicts with Puccio v. State, 424 So.2d 85 (Fla. 1st DCA 1982); Sune v. State, 402 So.2d 11 (Fla. 3d DCA 1981); Alexander v. State, 399 So.2d 110 (Fla. 1st DCA 1981); and Hardison v. State, 385 So.2d 738 (Fla. 2d DCA 1980). We agree there is conflict and find jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Respondent Carr was charged in a two-count information with robbery and attempted first-degree murder. The victim was an eighty-three-year-old widow who refused at a discovery deposition to reveal her current address. At a pretrial hearing, on a motion to compel discovery or, alternatively, to exclude the victim's testimony, the prosecutor advised the court that the victim feared for her life, might not appear if she were compelled to disclose her address, and that he had advised her, and would continue to advise her, not to divulge her current address. There was no evidence introduced or allegations made of any actual threat to the personal safety of the victim. The trial court denied the motion to compel discovery or to exclude testimony and set the case for trial, four days thence. On February 2, 1981, Carr's counsel announced to the court that denial of the motion to compel discovery prevented the completion of discovery and that his client was entering an open plea of nolo contendere to the robbery charge. Counsel stated that the plea was based on an understanding that the state would nolle pros the attempted first-degree murder count and, further, that Carr reserved the right to appeal the denial of the motion to compel discovery or to exclude testimony. The state responded that it did not agree that the reserved issue was dispositive of the case. The court then instructed Carr, pursuant to Florida Rule of Criminal Procedure 3.172, on the rights that she surrendered by pleading nolo contendere, and she indicated her intent to give up those rights by her plea. Carr's counsel reiterated that the record should be clear that she reserved the right to appeal the denial of the motion. The court responded, somewhat ambiguously, that it considered the reserved issue to be nondispositive.[1] *828 Thereafter, on March 16, 1981, the court adjudicated Carr guilty and sentenced her to five years' imprisonment, followed by five years' probation. Carr appealed the judgment and sentence.
The state moved to dismiss the appeal on the ground that the reserved issue was not dispositive of the case. On June 11, 1982, the district court relinquished jurisdiction of the case to the trial court for a determination of whether the denial of the motion to compel was dispositive of the case. After a hearing, the trial court on July 13, 1982, issued an order ruling that it continued to believe that the reserved issue was not dispositive of the case. The district court then issued the decision now under review.
In dismissing the appeal, the district court apparently based its decision on the trial court's conclusion that the issue reserved for appeal was not dispositive of the case but did not itself rule on whether the issue was dispositive. However, in contradiction of its tacit conclusion that the issue was nondispositive and review should not be granted, the district court granted relief by remanding with directions that Carr be allowed thirty days within which to file a motion to withdraw her nolo contendere plea.
A defendant who pleads nolo contendere must expressly reserve the right to an appeal. Fla.R.Crim.P. 3.172(c)(iv). Further, a conditional "nolo plea is permissible only when the legal issue to be determined on appeal is dispositive of the case." Brown v. State, 376 So.2d 382, 384 (Fla. 1979). The state urges that Brown placed Carr on notice that an issue reserved for appeal must be dispositive if the right to appeal is to be preserved, that Carr appealed a nondispositive issue, and, therefore, the district court should have dismissed the appeal without granting Carr the right to withdraw the plea. Cases from other district courts are cited in support.[2]
We agree and reiterate our holding in Brown: an issue is preserved for appeal on a nolo plea only if it is dispositive of the case. We granted leave to the petitioner in Brown to withdraw his plea because of possible prejudice in retroactively applying the Brown holding. However, Brown was issued in 1979, well before the events here, and Carr was on notice of the Brown holding. Relief is not appropriate. We approve the district court's dismissal of the appeal but quash that portion of the order granting Carr leave to file a motion to withdraw her nolo plea.
Quashed in part and remanded with directions to dismiss the appeal without leave to withdraw the plea.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs specially with an opinion, in which ADKINS, J., concurs.
SHAW, Justice, specially concurring.
I agree that the failure to reserve a legally dispositive issue for appeal on a nolo contendere plea is fatal to the appeal and that we should dispose of this case on that ground. Nevertheless, because of our constitutional responsibility to prepare rules of court procedure and to supervise the courts of this state, I am constrained to point out that the trial judge erred in denying Carr's motion to compel discovery of the victim's address. I appreciate that victims may understandably feel a general fear of recrimination and physical danger, but the rights to confront the accuser and to conduct legitimate discovery are rights going to the very fairness of the criminal trial itself. Accordingly, the privilege to withhold an address is an exceedingly narrow one and *829 all doubts must be resolved in favor of the accused's right to confront witnesses. See State v. Hassberger, 350 So.2d 1 (Fla. 1977), and Evanco v. State, 350 So.2d 780 (Fla. 1st DCA 1977). In this instance, the record does not support the granting of such privilege. There was no evidence or allegation that a specific or actual threat to the personal safety of the victim existed. Further, the victim herself did not appear at the hearing; there was only a representation by the prosecutor that the victim was fearful and might not testify if she were required to divulge her address. Under these circumstances, had a trial occurred, it would have been reversible error to deny the motion to compel discovery or to exclude testimony.
ADKINS, J., concurs.
NOTES
[1] "The Court: I'm indicating that the failure to give that address is irreversible error and you're welcome to appeal that point. I'm satisfied its final. Let's see how harmless they think it is."
[2] Puccio v. State, 424 So.2d 85 (Fla. 1st DCA 1982); Sune v. State, 402 So.2d 11 (Fla. 3d DCA 1981); Alexander v. State, 399 So.2d 110 (Fla. 1st DCA 1980); Hardison v. State, 385 So.2d 738 (Fla. 2d DCA 1980).