486 So.2d 1356 (1986)
Clayton Clark MORGAN, III, Appellant,
v.
STATE of Florida, Appellee.
No. BG-237.
District Court of Appeal of Florida, First District.
April 1, 1986.
Rehearing Denied May 2, 1986.
F.T. Ratchford, Jr. of Merritt, Ratchford & Searcy, Pensacola, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
This is an appeal by the defendant from certain pretrial orders, the defendant having entered a plea of nolo contendere and purportedly reserved his right to appeal under State v. Ashby, 245 So.2d 225 (Fla. 1971). For the reasons hereafter discussed, we dismiss the appeal sua sponte.
Appellant was charged with DWI manslaughter under Sections 316.1931(2) and 782.07, Florida Statutes (1983). At a pretrial hearing the day before the trial was to commence, the defense sought to obtain rulings by the trial court concerning: (1) the admissibility of evidence tending to show fault on the part of the victim in causing the head-on automobile collision which resulted in her death, and (2) the propriety of certain jury instructions relating to such evidence of fault. No evidence was presented at such hearing but counsel informally described what the evidence would show.
The trial judge denied the requested jury instructions and ruled inadmissible the proffered evidence concerning the victim's blood alcohol level and the manner in which she operated her vehicle prior to the accident, such evidence being inadmissible, according to the trial court, under Baker v. State, 377 So.2d 17 (Fla. 1979). In Baker, the Court recognized that the DWI manslaughter statute imposed strict criminal liability, the elements of such crime being: (1) a death occurred; (2) the death resulted from the operation of a vehicle by the defendant; and (3) the defendant was intoxicated at the time he operated the vehicle. Baker held that this crime requires no nexus between the defendant's intoxication and the death of the victim and that the tort concepts of negligence and proximate causation are not implicated in a DWI manslaughter prosecution.
*1357 At the pretrial hearing, the trial judge regarded the proffered evidence as irrelevant under Baker and thus ruled that such evidence was inadmissible and the proposed jury instructions were improper.
Because of these rulings, the defendant entered a plea of nolo contendere. He reserved the right, with the trial court's permission, to appeal the judge's above referred rulings. Counsel for the defense and state announced to the trial court that they stipulated that the said rulings were dispositive of the case.
The issue raised by appellant on this appeal is whether the trial court erred in determining that evidence of decedent's conduct was inadmissible under Baker v. State, supra. However, we cannot reach that issue because the trial court's rulings are not dispositive of the case, notwithstanding the parties' stipulation.
Appellate review pursuant to an Ashby nolo plea is grounded upon the basic assumption that the issue decided will be dispositive of the case even if the trial court's rulings are reversed on appeal. Brown v. State, 376 So.2d 382 (Fla. 1979).
"Because of the nondispositive nature of the appeal, the defendant faces the prospect of a trial even if he prevails on appeal."
Id. at 384. An issue is dispositive only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be no trial of the case.
A typical example of dispositiveness is where the trial court has entered a pretrial order denying a motion to suppress drugs in a drug case. Such a ruling is dispositive if the state has no other evidence with which it can proceed to trial against the defendant. Tiller v. State, 330 So.2d 792 (Fla. 1st DCA 1976).
Although the attorneys purported to stipulate that the trial court's rulings were dispositive, it is clear from our review of the transcript of the colloquy between the attorneys and the trial judge that an essential part of the stipulation was that, in the event that such rulings were reversed on appeal, the state would be entitled to proceed to trial. Indeed, at oral argument of this case, counsel readily admitted that their stipulation did not contemplate that the state would be foreclosed from trying the defendant in the event of reversal.
The following colloquy illustrates counsels' misunderstanding of the dispositive requirement in Ashby nolo pleas:
MR. RATCHFORD [defense counsel]: Based on the ruling of the Court, I'm not going to try this case. There is no way we can try this case. There's no way to try, Judge, if she has no  if I cannot get into the conduct of ... the decedent, I've got no case, and it would be ridiculous to try this case.
* * * * * *
MR. SPENCER [prosecutor]: [W]e could stipulate as to a factual situation for purposes of Mr. Ratchford's appeal... .
THE COURT: That would be dispositive, I think, the stipulation would have to be that it would be dispositive.
MR. SPENCER: There's no question about it. If Mr. Ratchford is not allowed to go into anything, then the only thing I'm going to have to put on is, there's no question about him having a .24 or better blood alcohol. I've got two experts that say that would make him drunk or intoxicated under either standard.
THE COURT: Well, when you would say, though, the issue would be dispositive even if they came back and said, all right, he's entitled, Baker is now narrowed and Judge Geeker erred and he should have permitted the introduction of that testimony which the defendant sought to introduce, even though you're conceding it would be dispositive, it would not foreclose the reprosecution of this matter, then it becomes a classic jury question.
MR. SPENCER: Different issues entirely at that point. What I'm saying, as the law now stands, it would be, your ruling is dispositive on these facts.
THE COURT: Right.

*1358 MR. SPENCER: Because precluding the proffered testimony there is no issue to be tried before this court.
Obviously, the parties' concept of dispositiveness was entirely different from that which is an essential prerequisite to an appeal from an Ashby nolo plea.
Moreover, it is abundantly clear from the record in this case that the issues before the court were not in fact dispositive. Defense counsel has made it clear, both in the trial court and on appeal, that his ultimate goal is to be able to convince a jury, through the proffered evidence, that the victim's negligent operation of her vehicle was the sole cause of the collision. Counsel has conceded that even if he can overcome the Supreme Court's holding in Baker  such as by reaching the Supreme Court via this appeal and convincing the Court to recede from Baker  the defense which he seeks to raise cannot prevail unless the jury concludes that the victim's conduct was the sole cause of the collision. Even if the jury were to conclude from the evidence that the defendant's culpability contributed only 1% towards the collision in terms of causation, the appellant admits that a conviction would be justified.
Bearing that in mind, it is significant that, as appellant himself points out in his brief, there is conflicting evidence as to which side of the road this head-on collision occurred. The state's expert witnesses concluded that the collision occurred on the victim's side of the road while the defendant's experts opined that the accident occurred on the defendant's side. The main thrust of the appellant's argument, as articulated in his brief, is that, assuming he were able to introduce the proffered evidence on causation,
"if the jury found [the defense expert's] testimony more persuasive than that of the FHP officers, there was sufficient evidence from which the jury could then find that the decedent's conduct was the sole proximate cause of her death." (e.s.)
It is clear from the record and from counsels' arguments that the state's evidence against this defendant was such that it might reasonably anticipate a successful prosecution even if the defense were allowed to introduce its evidence of causation. This further bolsters our conclusion that the parties had no intention of foreclosing the state's right to proceed to trial in the event of reversal on appeal.
And so we conclude that there was not, in fact, a dispositiveness stipulation of the kind sanctioned by the courts in Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd, 392 So.2d 1324 (Fla. 1981); Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982); and Zeigler v. State, 471 So.2d 172 (Fla. 1st DCA 1985).[1] We, therefore, need not decide whether this court is bound to consider *1359 an appeal on the merits where the state has stipulated to dispositiveness  i.e. a stipulation which contemplates an intent to be foreclosed from trial regardless of the outcome on appeal  in spite of a record which clearly shows that the state would be able to proceed to trial regardless of the admissibility of the disputed evidence.[2]
Accordingly, this appeal is DISMISSED and the case is REMANDED to the trial court. If the defendant so moves, the trial court shall vacate and set aside the judgment and sentence and shall allow the defendant to withdraw his plea of nolo contendere and reinstate his not guilty plea.[3]
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] We note here that the phenomenon of the "stipulation" as to dispositiveness first found official sanction in opinions of the district courts of appeal. E.g. Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980). The Florida Supreme Court has not yet embraced  or for that matter even discussed  the principle that such a stipulation will be binding upon the appellate courts. In fact, when the Supreme Court has spoken on the dispositiveness requirement, the Court has followed a rather conservative path. In Brown v. State, 376 So.2d 382 (Fla. 1979), the court held that an Ashby nolo plea is permissible only when the legal issue is dispositive of the case, expressly disapproving the contrary result reached in Fullard v. State, 352 So.2d 1271 (Fla. 1st DCA 1977). Brown also held that "as a matter of law a confession may not be considered dispositive of the case." In Martinez v. State, 368 So.2d 338 (Fla. 1979), the Court held that a trial court's pretrial ruling on requested jury instructions is not appealable from an Ashby nolo plea. In State v. Carr, 438 So.2d 826 (Fla. 1983), the Court reiterated its holding in Brown, saying that "an issue is preserved for appeal on a nolo plea only if it is dispositive of the case." Further, the Court, in dismissing Carr's appeal, held that he would not be permitted to withdraw his plea, the Court holding that Carr was on notice via Brown that the order was not appealable pursuant to an Ashby nolo plea.

The post-Brown cases which have qualified the Brown holding with the "stipulation of dispositiveness" exception have all been district court of appeal decisions. See S.T.N. v. State, 474 So.2d 884 (Fla. 4th DCA 1985); Spiker v. State, 477 So.2d 1063 (Fla. 2nd DCA 1985). One judge has characterized this development in the post-Brown DCA opinions as "a welcome retreat from Brown" (e.s.). Finney v. State, 420 So.2d 639, 644 (Fla. 3d DCA 1982) (Pearson, Daniel S., concurring specially).
[2] One could certainly reasonably take the position that this pretermitted question has already been authoritatively answered by this Court in Ziegler, supra, where it was held that the appellate court will consider an issue dispositive if the parties have stipulated to its dispositiveness. But Ziegler also observed that "the court finds no basis for questioning the parties stipulation that the issue originally briefed is dispositive." Id. at 175. And the drift of the Florida Supreme Court cases mentioned in footnote 1, supra, would suggest that the parties' stipulation on dispositiveness might not, in all circumstances, be held binding upon the appellate court.
[3] Fairness dictates that the defendant should be given the opportunity to withdraw his plea of nolo contendere. Compare State v. Carr, 438 So.2d 826 (Fla. 1983) (defendant held not entitled to withdraw nolo plea where state had objected to the defendant's reserved right to appeal.)