NIMMONS, Judge.
Appellant asserts error in the trial court’s denial of his motion to withdraw his nolo contendere plea. We affirm.
The trial court denied appellant’s motion to suppress incriminating statements made by the appellant. The appellant then entered a plea of nolo contendere to armed burglary, sexual battery, and armed robbery. He purported to reserve the right to appeal the denial of the motion to suppress, asserting that the court’s order was dispos-itive of the case. The prosecuting attorney, however, made it quite clear that he did not agree that the order was dispositive of the case. Whereupon, the trial judge inquired of appellant’s counsel if he understood the state’s position and counsel responded:
[Defense Counsel]: Yes sir, I understand the state’s position.
Judge: The state is conceding that if the court’s ruling on the motion to suppress happens to be reversed, then it would be up to the state as to whether or not to proceed on to trial.
[Defense Counsel]: Yes sir.
Judge: That would not be totally dis-positive of the case. It would be in the state's discretion as to whether to proceed to trial or not.
[Defense Counsel]: Yes sir. For the record, we would then specifically just reserve the right to appeal the denial of the motion to suppress. And we would handle the matter if and when the DCA, if it came back erroneously or whatever.
Nothing further was mentioned regarding dispositiveness and the court subsequently accepted the nolo plea, finding that it was freely and voluntarily entered and that a factual basis supported the plea. The court deferred sentencing pending a pre-sentence investigation.
Over three weeks later, counsel for appellant filed a motion to withdraw his nolo plea on the ground that the appellant could not, on a plea of nolo, appeal from the order denying the motion to suppress because the latter was not dispositive, contrary to what appellant had been told by his attorney. The trial court denied the motion.
A conditional, or Ashby,[1] nolo con-tendere plea is permissible only when the legal issue to be determined on appeal is dispositive of the case. Brown v. State, 376 So.2d 382, 384 (Fla.1979); State v. Carr, 438 So.2d 826 (Fla.1983); Morgan v. State, 486 So.2d 1356 (Fla. 1st DCA 1986). An issue is dispositive only if, regardless of whether the appellate court affirms or reverses the lower court’s decision, there will be no trial of the case. Morgan at 1357.
Even assuming that the denial of a motion to suppress statements can be a proper subject of an Ashby nolo plea, it is clear that the appellant made no effort at the time of the tendering of the plea to have the key determination of dispositiveness made either by stipulation[2] or otherwise. In fact, as above noted, the state loudly and clearly protested appellant’s suggestion of dispositiveness, a protestation which was ignored by the defense. Because it was never determined that the denial of appellant’s motion to suppress was dispositive, appellant’s counsel could not reserve the right to appeal that issue.
Contrary to appellant’s argument, this erroneous assumption made by appellant’s counsel does not automatically entitle appellant to withdraw his plea of nolo conten-dere. Controlling on this issue is State v. Carr, 438 So.2d 826 (Fla.1983).
In Carr, the victim refused at a discovery deposition to reveal her current address. Carr moved to compel discovery or, alternatively, to exclude the victim’s testimony. The trial court denied the motion. Thereafter, Carr entered a plea of nolo contendere to the robbery charge. Counsel stated that the plea was based on an understanding that the state would nolle pros the attempted first-degree murder count and, further, that Carr reserved the right to appeal the denial of the motion to compel *260 discovery or to exclude testimony. The state responded that it did not agree that the reserved issue was dispositive of the case. Carr’s counsel reiterated that the record should be clear that the defendant reserved the right to appeal the denial of the motion. Thereafter, the court adjudicated Carr guilty and imposed sentence.
Carr appealed the judgment and sentence. The state moved to dismiss the appeal on the ground that the reserved issue was not dispositive of the case. The Fourth District Court granted the state’s motion to dismiss but remanded with directions that Carr be allowed to file a motion to withdraw her nolo contendere plea unless the state could establish prejudice by the delay engendered by the appeal.
On review to the Florida Supreme Court, the Fourth District’s dismissal of the appeal was approved but the Supreme Court quashed that portion of the order granting Carr leave to file a motion to withdraw her nolo plea. The court reiterated its holding in Brown v. State, 376 So.2d 382 (Fla.1979), that an issue is preserved for appeal on a nolo plea only if it is dispositive of the case, and held that its decision in Brown, issued in 1979, placed the defendant Carr on notice that an issue reserved for appeal must be dispositive if the right to appeal is to be preserved. Because Carr was on notice, relief was not appropriate.
The Supreme Court's holding in Brown is consistent with prior decisions of this court. In Puccio v. State, 424 So.2d 85 (Fla. 1st DCA 1982), this court held that where there is no stipulation by the state that confession evidence which the defendant sought to have suppressed was dispos-itive, and the sentencing judge, having no knowledge of the matter except as he was informed by the parties, could not be held to have declared the subject evidence dis-positive simply by accepting representation of the defense counsel, the defendant was not entitled to either appeal the suppression issue or to withdraw his nolo conten-dere plea. The court reasoned that the case was governed by Brown and that Puccio’s conditional plea and appeal came sometime after Brown was decided. See also Alexander v. State, 399 So.2d 110 (Fla. 1st DCA 1981); Sune v. State, 402 So.2d 11 (Fla. 3d DCA 1981); Hardison v. State, 385 So.2d 738 (Fla. 2d DCA 1980).
Our decision in Morgan v. State, 486 So.2d 1356 (Fla. 1st DCA 1986) is distinguishable. There, it was apparent that this court believed it was only fair to allow the defendant to withdraw his plea because everyone had stipulated to the dispositiveness of the issue in the trial court below. However, in the instant case, as in Carr, there was no such stipulation. As in Carr, the defense in the instant case knew that the state refused to agree to dispositiveness.[3] Thus, unlike the situation in Morgan, fairness does not dictate that the defendant should be given the opportunity to withdraw his plea.[4]
AFFIRMED.
WENTWORTH and THOMPSON, JJ., concur.

. State v. Ashby, 245 So.2d 225 (Fla.1971).

. For a discussion of the role of the stipulation as to dispositiveness, see Morgan v. State, 486 So.2d 1356, f.n. 1 at 1358 (Fla. 1st DCA 1986).

. This court in Morgan recognized the distinction between allowing a defendant to withdraw a plea where the state had stipulated to disposi-tiveness and not allowing a defendant to withdraw a plea where the state had objected to dispositiveness. See footnote 3 at page 1359 of the opinion.

. We express no view as to the propriety of a Rule 3.850 motion predicated on an ineffective assistance of counsel claim.