PARKER, Judge.
Santos Gomez appeals convictions for burglary and grand theft, following his entry of no contest pleas to these crimes after the trial court denied his motion to suppress. We remand this case to the trial court to allow the parties to complete the record and for the trial court to make the necessary findings.
The motion to suppress sought to suppress the following:
1. One Armitron ladies watch.
2. One $2 bill.
3. Three Susan B. Anthony dollars.
4. $3.26 in U.S. currency including a 1957 quarter and one buffalo head nickel.
5. Four silver dollars dated: 1972; 1983; 1923; 1776-1976.
6. Defendant’s taped statement given to Deputy Delisle on June 3, 1991. All other evidence obtained as a result of the illegal stop and frisk of Defendant.
In support of his motion, Gomez provided the following written facts:
On May 7, 1991, while on routine patrol, Collier County Sheriff’s Deputy Tim Wheeler “observed three suspicious his-panic [sic] males walking in the middle of the street.” After advising dispatch that he would be out with the three males, Deputy Wheeler approached the males, exited his patrol vehicle, and ordered the *120 individuals to stop. Shortly thereafter, Collier County Sheriff Deputy Dave Miller arrived at the scene.
Deputy Wheeler patted down two of the individual males and felt a cylinder like object in their shirt pockets. Deputy Wheeler removed the objects which turned out to be narcotic smoking pipes. The two individuals were arrested for possession of narcotic paraphernalia. One of the subjects possessed rare coins and jewelry which were seized.
Deputy Miller advised the Defendant, Santos Gomez, to place his hands on the patrol vehicle and patted the Defendant down. Deputy Miller felt something near the Defendant’s groin area and ordered him to remove object(s). The Defendant removed some rare coins and a woman's watch. The Defendant was not arrested, however the items he possessed were seized.
Subsequent to this event, the items seized were turned over to Deputy Steve Delisle of the Collier County Sheriffs Office for a follow up investigation. Several weeks later, after returning to Immokalee from vacation, Juan and Iris Navarro identified the items seized as their property taken from their home while they were on vacation.
Deputy Steve Delisle, based on the Navarro’s report, with no other evidence other than the seized items taken from the Defendant and the other individual on May 7, 1992, arrested the Defendant on July 3, 1991 for Burglary of a Dwelling and Grand Theft. Subsequent to the arrest of Defendant, Defendant confessed to his involvement in the crimes.
The motion of Gomez challenged the stop and frisk conducted by the deputies and argued, in the alternative, that even if the initial stop was valid, the subsequent search of the person of Gomez was impermissible.
The state called Deputy Wheeler and Deputy Miller at the motion to suppress hearing. Deputy Wheeler testified as follows. He observed three Hispanic males, Gomez, Barientes, and Garcia, walking in the middle of the road in Immokalee at 1:30 a.m. Deputy Wheeler knew that Garcia and Barientes had previously been arrested for burglary. As Deputy Wheeler exited his cruiser, Barientes threw away a jar that was determined later to contain necklaces which were retained by the deputies. Deputy Miller conducted a pat down search of both Barientes and Garcia for his own safety and testified that Barientes consented to the pat down search. Although the record is not clear, the pat down of one of the two revealed a shape Deputy Miller thought was a weapon, but turned out to be drug paraphernalia. Within minutes, both Bar-ientes and Garcia were arrested for drug paraphernalia, and complete searches following their arrests revealed jewelry and old coins. The deputies were unaware of any burglary or theft at the time, but retained the items found on Barientes and Garcia.
At or near the time Deputy Wheeler approached Barientes and Garcia, Deputy Miller had arrived, and he observed a “watch band or something” hanging out of the pants pocket or waist band of Barientes. Deputy Miller approached Gomez and patted him down. Although Deputy Miller testified that he was not concerned that a bulge in the pants of Gomez might be a gun or a knife, he patted down Gomez for the safety of the deputy.
First, we observe that although the motion speaks to suppressing a confession, there is no evidence or argument in the trial court or in this appeal which addresses the confession. Second, our record reflects that although the state called the two officers at the hearing on the motion to suppress, not one question or answer on direct or cross examination touched upon the search for or seizure of any evidence from the body of Gomez. Although Gomez argued to the trial court and in this appeal about an illegal stop and illegal seizure, other than what is set out in his unsworn motion, we have no evidence of a seizure of anything from Gomez.
Another concern we have is that this record does not reflect that this motion to suppress is dispositive of this case. An issue is preserved for appeal on a no contest plea only if it is dispositive of the case. *121 State v. Carr, 438 So.2d 826, 828 (Fla.1983). The trial court must determine whether its ruling on the suppression issue is dispositive of the case, and the record in this case does not reflect that the trial court made such a ruling.
In summary, we have a record which contains a motion alleging an illegal seizure of items from Gomez with no evidence offered that there was a seizure. Further, even if there was a seizure, both the evidence and a police report of which we are aware do not rule out the possibility that Gomez may be required to proceed to trial on these two crimes by virtue of other evidence obtained from the codefendants of Gomez. In addition, the prosecution apparently possesses a taped confession from Gomez to these crimes and this record contains no facts regarding how the law enforcement officers obtained the confession. Under the circumstances, we are compelled to remand this case for additional evidence at a hearing on the motion to suppress. Thereafter, if Gomez again desires to plead no contest and’ then appeal the ruling on the motion to suppress, the record must reflect the trial court’s ruling that the issue is dispositive of the case.
Remanded for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.