711 So.2d 64 (1998)
Rose A. VAUGHN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4889.
District Court of Appeal of Florida, First District.
March 31, 1998.
Rehearing Denied May 15, 1998.
Antony E. Fiorentino, Pensacola, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
Following the denial of her motion to suppress evidence acquired as the result of a wiretap, appellant pleaded no contest to a charge of unlawfully conducting a business enterprise through a pattern of racketeering, in violation of sections 895.03 and 895.04, Florida Statutes (1995). Appellant reserved the right to appeal the denial of her motion to suppress, which the trial court had found, notwithstanding the state's vigorous argument to the contrary, to be dispositive. Appellant now seeks review of the order denying her motion to suppress. The state responds that the trial court erred when it found that the motion to suppress presented a dispositive issue and that, because it clearly did not, the appeal must be dismissed. We agree that the motion did not involve a dispositive issue. Accordingly, we dismiss the appeal.
*65 The state claimed that appellant was operating an escort service which was, in reality, a prostitution ring. The authorities first learned of appellant's activities when they were told by a motel manager that a particular room at the motel had been receiving numerous telephone calls, and that there had been complaints that prostitution was taking place at the motel. An investigator telephoned the room in question without identifying himself, and arranged for an escort to meet him. When the escort arrived at the designated location, the investigator confirmed that she was there to perform sexual acts, at which time he arrested her. When interviewed, the escort provided extensive information regarding the prostitution ring, and identified appellant as the owner. The escort subsequently agreed to cooperate fully with the authorities, and provided additional information about the ring on several occasions. It was principally upon the basis of the information provided by the escort that the wiretap was authorized.
After the trial court had denied the motion to suppress, appellant stated that she wished to withdraw her previously entered not-guilty plea, and to enter a plea of no contest to the charge, reserving the right to appeal the denial of the motion, which she argued was dispositive. The state argued that the motion to suppress was not dispositive because it could establish its case against appellant without the evidence acquired as a result of the wiretap. Although it acknowledged that the evidence (which consisted principally of the statements given by the escort) other than that obtained as a result of the wiretap "might have been sufficient had th[e] matter gone to trial to withstand a motion for judgment of acquittal," the trial court did not believe that the state would be able to convince a jury of appellant's guilt without the additional, corroborating, evidence obtained as a result of the wiretap. Accordingly, it found that the motion to suppress would be dispositive. At that point, appellant entered a no-contest plea, was adjudicated guilty, and was given a guidelines sentence.
In State v. Ashby, 245 So.2d 225 (Fla. 1971), the supreme court held that a defendant in a criminal case might plead no contest conditioned on the right to preserve for appellate review a question of law. The court subsequently narrowed that holding in Brown v. State, 376 So.2d 382, 384 (Fla.1979), when it held that "an Ashby nolo plea is permissible only when the legal issue to be determined on appeal is dispositive of the case."
We have held on several occasions that, pursuant to Brown, "[a]n issue is dispositive only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be no trial of the case." Morgan v. State, 486 So.2d 1356, 1357 (Fla. 1st DCA 1986). Accord Howard v. State, 515 So.2d 346, 348 (Fla. 1st DCA 1987); Wright v. State, 547 So.2d 258, 259 (Fla. 1st DCA 1989). See also Ashley v. State, 611 So.2d 617, 618 (Fla. 2d DCA 1993) (citing Morgan). We continue to believe that such an interpretation of the word "dispositive," as used in Brown, is the correct one.
In Brown, the court offered the following explanation for its decision to require that the issue sought to be appealed be "dispositive":
The practice of allowing an appeal after a plea of nolo contendere is grounded upon the belief that "it expedites resolution of the controversy and narrows the issues to be resolved." These purposes are poorly served and, indeed, thwarted when a defendant is permitted to appeal nondispositive pretrial rulings. Instead of expediting resolution of the controversy, the procedure prolongs litigation by sanctioning, in effect, an interlocutory appeal. Because of the nondispositive nature of the appeal, the defendant faces the prospect of a trial even if he prevails on appeal. The inevitable is not avoided but merely postponed, thus further burdening the already severely taxed resources of our courts.
The more logical and efficient procedure to follow in this situation is to proceed to trial and fully ventilate all of the issues. In this way the matter will reach the appellate court in a familiar posture and with a full record upon which to base an intelligent decision.
376 So.2d at 384 (footnotes omitted). From this language, it seems to us that the supreme *66 court's intent in Brown was to permit Ashby conditional no-contest pleas only when it is clear that, regardless of the outcome of the appeal, there will be no trial.
In Brown, the court said that a trial judge's decision regarding dispositiveness may be overturned on appeal "only upon a showing of a clear abuse of discretion." Id. at 385. However, this presumes application of the correct legal rule. See Walter v. Walter, 464 So.2d 538, 539 (Fla.1985) ("[t]he correction of an erroneous application of law and the determination that the trial court abused its discretion are two separate and distinct appellate functions"). Review of whether the trial court has applied the correct legal rule is de novo, because application of an incorrect rule is erroneous as a matter of law. See Files v. State, 613 So.2d 1301, 1304 (Fla. 1992).
We conclude that the trial court applied an incorrect legal rule when it based its determination of dispositiveness upon whether the state would be likely to convince a jury of appellant's guilt without the evidence acquired as a result of the wiretap. As we have said, the correct legal test of dispositiveness is whether the state would have been able to proceed to trial without that evidence. Our review of the record satisfies us that, as the state argued and the trial court acknowledged, there would have been ample evidence upon which the state could have proceeded to trial, even without that procured as a result of the wiretap. Applying the correct legal test of dispositiveness, we conclude that the trial court's ruling on appellant's motion to suppress evidence acquired as a result of the wiretap was not dispositive. See, e.g., Sune v. State, 402 So.2d 11 (Fla. 3d DCA 1981) (motion to suppress recordings of conversations not dispositive because evidence to same effect was available through witness testimony); Campbell v. State, 386 So.2d 629 (Fla. 5th DCA 1980) (motion to suppress evidence not dispositive because state had other evidence with which to try appellant). Accordingly, we dismiss the appeal. See State v. Carr, 438 So.2d 826 (Fla.1983) (approving dismissal of appeal on ground that issue sought to be appealed was not dispositive).
APPEAL DISMISSED.
JOANOS and MINER, JJ., concur.