885 So.2d 951 (2004)
Kendrick ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-4701.
District Court of Appeal of Florida, First District.
October 28, 2004.
*952 Nancy A. Daniels, Public Defender, and Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
Appellee seeks clarification of this Court's opinion filed August 18, 2004, in which we reversed the denial of appellant's motion to suppress evidence. We grant the motion for clarification, and substitute the following.
Appellant, Kendrick Robinson, appeals from his conviction following his nolo contendere plea to one count of possession of methamphetamine. Appellant's plea was conditioned on the reservation of his right to appeal the denial of his motion to suppress, which is dispositive of the case. We reverse the denial of the motion with directions that the judgment and sentence be vacated.
Appellant was arrested May 6, 2003, and charged with possession of one pill of methamphetamine, a controlled substance, and resisting arrest without violence. In his motion to suppress evidence, appellant alleged that officers improperly arrested him on a warrant for violation of probation which had been served six days earlier, and was no longer active. The motion states that the same sheriff's office that arrested appellant on May 6, 2003, served the warrant six days earlier in circuit case 01-140CF. Appellant cited State v. White, 660 So.2d 664 (Fla.1995), for the proposition that his arrest was illegal because there was no active or valid warrant for his arrest.
The narrative portions of the reports prepared in connection with appellant's arrest reveal that the arresting officers observed appellant standing on the sidewalk at Buddy Parker Park in Jasper, Florida. The officers believed there was an active warrant for appellant's arrest and approached *953 him for that reason. When the officers approached, appellant fled on foot. The officers gave chase, apprehended appellant, and placed him under arrest. During the ensuing search, a methamphetamine pill was discovered in appellant's possession. The methamphetamine pill is the subject of the motion to suppress evidence.
At the suppression hearing, the prosecutor advised the trial court that "officers arrested Mr. Robinson under the belief that he had an active warrant. Upon arresting him, they found drugs and he was arrested on that charge as well." Defense counsel advised the court that six days prior to the arrest underlying this appeal, appellant was served with the warrant and a violation of probation hearing was held. Thus, there was no active warrant in existence on May 6, 2003, to justify appellant's arrest and the search which resulted in the discovery of the contraband. The prosecutor stipulated to the facts recited by defense counsel, but urged that appellant's flight raised suspicion that criminal activity was afoot, thus the seizure of drugs following appellant's arrest was proper. According to the prosecutor, the officers did not announce that they had a warrant; rather, they believed a valid warrant was outstanding when they approached appellant.
The facts underlying the motion to suppress were presented through representations and stipulations offered by the prosecutor and defense counsel. The trial court denied the motion to suppress "without prejudice." The court's transcribed comments suggest the court would be receptive to further defense challenges to the propriety of the arrest and search, if evidence subsequently revealed through discovery would support suppression. However, the court was persuaded by the prosecutor's argument that appellant's flight justified his arrest and the seizure of contraband.
On October 1, 2003, appellant entered a negotiated plea of nolo contendere, expressly reserving his right to appeal the denial of his motion to suppress evidence,[1] which the parties agreed was dispositive. The trial court accepted the plea and imposed three years of drug-offender probation, together with a fine and various costs.
Our review of a trial court's ruling on a motion to suppress evidence involves a mixed question of law and fact. The competent-substantial-evidence standard of review is applicable to the trial court's findings of fact. The trial court's application of the law to the facts is reviewed de novo. See Connor v. State, 803 So.2d 598, 608 (Fla.2001); Hines v. State, 737 So.2d 1182, 1184 (Fla. 1st DCA 1999); E.B. v. State, 866 So.2d 200, 202 (Fla. 2d DCA 2004).
A conditional plea of nolo contendere is permissible only if the legal issue to be appealed is dispositive of the case. See Brown v. State, 376 So.2d 382, 384 (Fla.1979). "A ruling is `dispositive' ... if, at the time of the plea, it is clear that the state cannot or will not proceed with prosecution of the case on remand in the event the ruling is reversed." Griffin v. State, 753 So.2d 676, 677 (Fla. 1st DCA 2000). "When the parties stipulate in the trial court that an issue is determinative in this sense, the state is foreclosed from arguing otherwise on appeal." Id. See also Phuagnong v. State, 714 So.2d 527, 529 (Fla. 1st DCA 1998) (state's stipulation that ruling on suppression motion was dispositive constitutes a waiver of its right to argue otherwise on appeal).
Here, based on the trial court's "without prejudice" comment, appellee argues the suppression issue is not final; thus, this court lacks jurisdiction over the *954 appeal. Appellee acknowledges the parties stipulated that the suppression issue was dispositive, but relies on Morgan v. State, 486 So.2d 1356 (Fla. 1st DCA 1986), for the proposition that the parties' stipulation does not control, if the effect of the ruling indeed is not dispositive. Because the denial of the suppression motion in this case clearly is dispositive, and the parties so stipulated, appellee's reliance on Morgan is misplaced. The record before this court demonstrates that the state had no evidence with which to prosecute appellant other than that which is the subject of the suppression motion. Indeed, appellee does not assert that the state could proceed with the prosecution if the trial court had granted the motion to suppress.
We also reject appellee's arguments that the record fails to show that the warrant was void and that the officers' good faith reliance on it excused the lack of a valid warrant. Because these arguments were not raised in the lower tribunal, they cannot be considered on appeal. See State v. Dupree, 656 So.2d 430, 432 (Fla.1995). Even if considered, the arguments would be rejected as unsound. The trial court expressly found that the warrant was void. Moreover, the officers' good faith reliance on the validity of a warrant cannot save an improper search, because the good faith exception articulated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), relates to judicial error in issuing a warrant unsupported by probable cause, not to police misconduct in making an unlawful arrest based on a void warrant. See State v. White, 660 So.2d 664, 666-67 (Fla.1995).
Turning to the merits, we conclude, based on White, the motion to suppress should have been granted. In White, the arrest was premised upon the assumption that an outstanding active warrant had been returned against defendant, when in fact the warrant had been served four days earlier and was no longer valid at the time White was arrested. Id. at 665-66. The supreme court approved the trial court's ruling that a void warrant cannot support the arrest and an incidental search, and approved the suppression of contraband found in the search incident to his arrest. We therefore agree with appellant that the officers' reliance on the void warrant was insufficient to justify appellant's arrest and search.
We note that there is nothing in the record to suggest that the officers encountered appellant in a high-crime area or that the surrounding events indicated that criminal activity was afoot. Rather, the attorneys' representations establish that an officer called out to appellant, stating that he needed to talk to appellant about some papers. The defendant initially approached the officer, then turned and ran. When appellant ran, officers chased him for three blocks, and apprehended him. The methamphetamine pill sought to be suppressed was discovered incident to appellant's arrest, which officers believed was justified by the invalid warrant.
Appellee concedes that flight alone is not a proper basis for a founded suspicion of criminal activity as would justify an arrest, or even an investigatory stop. See E.B. v. State, 866 So.2d 200, 203 (Fla. 2d DCA 2004). See also Castillo v. State, 536 So.2d 1134, 1137 (Fla. 2d DCA 1988). Because the warrant was void and appellant's flight is by itself insufficient to justify the arrest and incidental search, the lower court erred in denying the motion to suppress.
REVERSED.
ERVIN, ALLEN and HAWKES, JJ., Concur.
NOTES
[1] The state in turn nolle prosequied the resisting arrest charge.