PER CURIAM.
Samuel James Shuman (Appellant) contends that the trial court erred in denying a motion to suppress out-of-court and in-court identifications of him by an allegedly unreliable jail inmate based on an unduly suggestive photo procedure that raised a substantial likelihood of misidentification. See Manson v. Brathwaite, 432 U.S. 98, 107, 110 & 116, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Grant v. State, 390 So.2d 341, 343 (Fla.1980) (setting out appropriate two-step test for determining admissibility of out-of-court photo identification). We affirm. The State correctly responds that the trial court’s ruling is affirmable on either of two grounds. A defendant who pleads guilty must expressly reserve the right to appeal. See § 924.051(4) & -.06(3), Fla. Stat. (2003); Fla. R.Crim. P. 3.172(c)(4). An issue is preserved on a guilty plea only if it is dispositive of the case. See State v. Carr, 438 So.2d 826, 828 (Fla.1983). Appellant pled guilty without expressly reserving the right to appeal the denial of his motions to suppress. The parties did not stipulate that the issue is dispositive. Accordingly, the sole issue raised on appeal is not preserved. We need not address the State’s alternative ground for affirmance on the merits.
Appellant’s judgmenVsentence is AFFIRMED.
ERVIN, BENTON and BROWNING, JJ., concur.