948 So.2d 968 (2007)
Carl Eugene THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2091.
District Court of Appeal of Florida, First District.
February 16, 2007.
Edward G. Seitz, Esquire of Niederlehner & Seitz, P.L., Pensacola, for Appellant.
Bill McCollum, Attorney General, and Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Carl Eugene Thomas appeals his conviction and sentence following a nolo contendere plea conditioned on his right to appeal the denial of his motion to suppress. We dismiss for lack of jurisdiction. See Fla. R.App. P. 9.140(b)(2)(A)(i) (2006) (providing that a defendant "may not appeal from a guilty or nolo contendere plea except" where the defendant "expressly reserve[s] the right to appeal a prior dispositive order of the lower tribunal"). See also, e.g., Robinson v. State, 885 So.2d 951, 953 (Fla. 1st DCA 2004) ("A conditional *969 plea of nolo contendere is permissible only if the legal issue to be appealed is dispositive of the case."); Morgan v. State, 486 So.2d 1356, 1357 (Fla. 1st DCA 1986) ("An issue is dispositive only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be no trial of the case.").
The parties did not stipulate that the motion to suppress presented a dispositive issue and the trial court did not find that its ruling on appellant's motion was dispositive. The prosecutor took no position when the court informed appellant that he could appeal the motion's denial, and the court so informed appellant without addressing the question of whether the ruling was dispositive. See Morgan, 486 So.2d at 1359 n. 3 ("Fairness dictates that the defendant should be given the opportunity to withdraw his plea of nolo contendere."). Cf. Ashley v. State, 611 So.2d 617, 618 (Fla. 2d DCA 1993) (dismissing the appeal without prejudice so that appellant could raise a Florida Rule of Criminal Procedure 3.850 motion to withdraw his plea, where "[t]he attorneys and the court were mistaken in their assumptions that the ruling on the motion . . . was dispositive"). Nor did the parties ever address the question of the suppression order's dispositiveness in the trial court. Compare, e.g., State v. Carr, 438 So.2d 826, 827-28 (Fla.1983) (holding defendant was not entitled to withdraw nolo plea where the State had objected that the order was not dispositive and the trial court informed the defendant of the rights he would surrender before the plea was entered).
Dismissed.
DAVIS, BENTON, and ROBERTS, JJ., concur.