FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0065
_____

SHANNON MAURICE JACKSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Escambia County.
John F. Simon Jr., Judge.

June 26, 2024


TANENBAUM, J.

The appellant pleaded no contest to one drug-trafficking count under an agreement with the State. Prior to that agreement, the trial court had held a hearing on the appellant's motion to suppress, which the court denied. The court subsequently held a *Nelson* hearing at the appellant's request, and after inquiring of counsel about how he was conducting the defense, the trial court denied the appellant's request for newly appointed counsel.

During the later-held plea colloquy, the court inquired of the appellant about his counsel, and while the appellant continued to express dissatisfaction with his counsel, the appellant agreed that he was entering the no-contest plea knowingly and voluntarily. As part of the plea, the appellant reserved the right to appeal the denial of the suppression motion as a dispositive question. The

trial court accepted the plea, adjudicated the appellant guilty, and later sentenced him to eighty-four months in prison.

On appeal, though, the appellant does not argue that the trial court erred by denying his motion to suppress—the dispositive issue he had reserved as part of his plea. Instead, he argues that the trial court erred by denying his request to replace his appointed counsel after the *Nelson* hearing. That issue is not dispositive and cannot be raised on appeal following a plea. *See Brown v. State*, 376 So. 2d 382, 384 (Fla. 1979) (holding that a no-contest plea is not permissible unless "the legal issue to be determined on appeal is dispositive of the case"); *cf. Brown v. State*, 376 So. 2d 382, 384 (Fla. 1979) (indicating that the nature of a *non-dispositive* issue makes it, "in effect, an interlocutory appeal," whereby "the defendant faces the prospect of a trial even if he prevails on appeal"); *Morgan v. State*, 486 So. 2d 1356, 1357 (Fla. 1st DCA 1986) ("An issue is dispositive only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be no trial of the case."); *id.* (citing as a "typical example of dispositiveness" the denial of "a motion to suppress drugs in a drug case," provided "the state has no other evidence with which it can proceed to trial against the defendant").

The appellant also has not filed a motion to withdraw his plea that argues his plea was not knowing and voluntary because of the ineffective assistance of his counsel. *See Robinson v. State*, 373 So. 2d 898, 902 (Fla. 1979) (noting that an appeal following a plea "should never be a substitute for a motion to withdraw a plea"). "If the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court" as a motion to withdraw that plea, and if the trial court denies the motion, then "it would be subject to review on direct appeal." *Id.*

In short, the solo argument advanced by the appellant for why we should grant him relief from the judgment of conviction is not cognizable in the appeal before us here. *See* § 924.051(4), Fla. Stat.; *Leonard v. State*, 760 So. 2d 114, 116–17 & n.13 (Fla. 2000); *Robinson v. State*, 373 So. 2d 898, 902 (Fla. 1979). Summarily AFFIRMED. *See* Fla. R. App. P. 9.315(a); *Leonard*, 760 So. 2d at 119 (encouraging the district court of appeal to "affirm summarily

utilizing the procedure set forth in Florida Rule of Appellate Procedure 9.315(a) [with a citation to *Robinson*] when the court determines that an appeal does not present [] a legally dispositive issue that was expressly reserved for appellate review pursuant to section 924.051(4)").

B.L. THOMAS and BILBREY, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Jason Cromey of Cromey Law, P.A., Tallahassee, for Appellant.

Ashley Moody, Attorney General, Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.