PER CURIAM.
The State appeals the trial court’s order suppressing cocaine seized from Daryll Days’ person. At the suppression hearing, Days argued that the police violated section 901.211, Florida Statutes (1997), which regulates strip searches of arrested persons, because the police allegedly conducted the search within public view, and because the officers did not get prior written approval from the supervising officer. We reverse.
On May 13, 1998, Sergeant Charles Schwimbly and several other officers of the St. Petersburg Police Department conducted neighborhood surveillance for any illegal or suspicious activities involving narcotics. During his surveillance, Sergeant Schwimbly saw Days talk with an unidentified male subject. This unidentified male gave Days some paper currency. Days pulled a plastic bag, containing several white objects, from his crotch area. Sergeant Schwimbly believed the objects were crack cocaine. After completing this apparent sale of cocaine, Days returned the plastic bag to his crotch area. Days did not unfasten his pants during the transaction.
After Sergeant Schwimbly witnessed Days conduct another apparent sale, he directed other officers to make contact with Days because they had probable cause to make an arrest. An officer handcuffed Days and started to reach into Days’ pants to retrieve the plastic bag. Days complained to the officer. The officer walked Days to the side of a building, pulled the top of Days’ pants toward him, and seized the plastic bag.
At the suppression hearing, the officers testified that they did not pull down Days’ pants or expose his genital area to bystanders. In contrast, Days testified that the officers pulled down his pants, and bystanders could see his crotch.
The State argues that the police conducted only a seizure, and not a strip search. We agree. Subsection 901.211(1) defines a “strip search” as “having an arrested person remove or arrange some or all of his or her clothing so as to permit a visual or manual inspection of the genitals; buttocks; anus; breasts, in the case of a female; or undergarments of a person.” We distinguish a “strip search” from a mere seizure of the evidence. “A search is generally accepted to be an inspection or examination of places closed from public or general view, and requires some measure of force or intrusion. A seizure is the act of taking custody of evidence or contraband.” State v. Ashby, 245 So.2d 225, 227 (Fla.1971) (emphasis added).
Here, the officers testified that they did not have Days remove or arrange his clothing to conduct an inspection or examination of Days’ crotch area. Rather, the police saw Days put the contraband down the front of his pants, and merely took steps to seize that evidence. Consequently, we believe section 901.211 does not apply. We reverse the trial court’s suppression order, and remand for further proceedings consistent with this opinion.
PARKER, A.C.J., CASANUEVA and DAVIS, JJ., Concur.