[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11997

Non-Argument Calendar

_____

JEROMY SCHIEDENHELM,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:20-cv-00168-CEM-PRL

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeromy Schiedenhelm, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 petition raising an ineffective-assistance-of-counsel claim. As relevant here, a Florida state court convicted Schiedenhelm for the battery of a police officer while the officer was lawfully performing his official duties. On appeal, Schiedenhelm argues that (1) a Florida statute governing strip searches rendered the police encounter that gave rise to his battery conviction unlawful, and thus (2) his trial counsel was ineffective because she failed to explicitly raise that statute as part of his defense. After careful consideration, we **AFFIRM** the district court's order.[1]

## I.

The events giving rise to this ineffective-assistance-of-counsel appeal concern the initial traffic stop and subsequent jailing of Schiedenhelm. During a run-of-the-mill traffic stop, a Florida state police officer patted down Schiedenhelm. While doing so, the officer felt a hard, blunt object between Schiedenhelm's thighs. After the officer informed Schiedenhelm that he had something between

---

[1] Schiedenhelm has also moved for leave to supplement the record and to strike the state's brief as moot. We conclude that these motions are unnecessary or meritless, so we **DENY** them without further discussion.

his legs, Schiedenhelm became aggressive and uncooperative, clenching his thighs and legs. The officers proceeded to arrest Schiedenhelm and took him to jail.

Upon arriving at the jail, officers conducted an additional pat down and clothing search. Schiedenhelm continued to behave uncooperatively, so officers took him into a jail bathroom. There, he was instructed to remove his clothing and underwear. While doing so, Schiedenhelm pulled out a plastic bag and sought to flush it down the toilet. As an officer attempted to intervene, Schiedenhelm pushed the officer up against the wall. The officers successfully retrieved the small bag, which contained fourteen smaller bags of narcotics.

As relevant here, Schiedenhelm's pushing of the officer in the bathroom led to his conviction for battery on a law enforcement officer while in the lawful performance of his official duties. Fla. Stat. §§ 784.03(1)(a), 784.07(2). In his state post-conviction proceedings, Schiedenhelm, proceeding pro se, argued—among other things—that his trial counsel was ineffective. After an evidentiary hearing, the state post-conviction court disagreed in a reasoned opinion. Schiedenhelm subsequently appealed, but a state court affirmed in a per curiam opinion. *Schiedenhelm v. State*, 286 So. 3d 278 (Fla. Dist. Ct. App. 2019).

After exhausting his state remedies, Schiedenhelm filed a § 2254 petition in federal district court, making the same ineffective-

assistance-of-counsel argument.  The district court denied his petition, and this appeal followed.[2]

## II.

We review de novo a district court's denial of a federal habeas petition raising an ineffective-assistance-of-counsel claim. *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 929 (11th Cir. 2011). Crucially, though, the Antiterrorism and Effective Death Penalty Act imposes a "highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation marks and citation omitted); *see also* 28 U.S.C. §§ 2241–55.  Thus, we review the district court's decision de novo but review the state court's decision with deference. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010).

If a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the decision of the state court was (1) contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1), (2).  A federal habeas court making the unreasonable-application inquiry "should ask [itself] whether the state court's application of clearly established federal law was objectively

---

[2] Schiedenhelm raised other grounds for relief in his § 2254 petition, but we granted a certificate of appealability covering only the single ineffective assistance of counsel claim discussed here.

unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). When demonstrating that a state court unreasonably applied federal law, a state prisoner seeking federal habeas relief "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

To succeed on an ineffective-assistance claim, a movant must show that (1) his attorney's conduct was deficient and (2) the deficient conduct prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the petitioner must show "that, but for his counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *Johnson*, 643 F.3d at 928.

"[A]lthough the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension, we must defer to the state's construction of its own law when the validity of the claim . . . turns on state law." *Pinkney v. Sec'y, Dep't of Corr.,* 876 F.3d 1290, 1295 (11th Cir. 2017) (quotation marks omitted). Relatedly, we have recognized that establishing that a state court's application of *Strickland* was unreasonable under 28 U.S.C. § 2254(d) is all the more difficult because the standards created by § 2254(d) and *Strickland* are both highly

deferential. *Jenkins v. Commissioner, Ala. Dep't of Corr.*, 963 F.3d 1248, 1265 (11th Cir. 2020) (quotation marks omitted). Thus, when reviewing state-court determinations about the application of *Strickland*'s performance prong, our deference is "doubly so." *Id.*

## III.

On appeal, Schiedenhelm argues that his trial counsel was ineffective because she failed to raise a statute relevant to his defense. Specifically, Schiedenhelm asserts that his counsel did not mention Fla. Stat. § 901.211(5) when defending him against the charge that he battered a police officer lawfully performing his duties. That statute says that "[n]o law enforcement officer shall order a strip search within the agency or facility without obtaining the written authorization of the supervising officer on duty." Fla. Stat. § 901.211(5). Because no supervising officer authorized his strip search while at the jail in writing, Schiedenhelm contends that the entire search giving rise to his battery conviction was unlawful. Additionally, and as pertinent here, Schiedenhelm argues that his counsel's failure to directly raise Fla. Stat. § 901.211(5) when she asked for a judgment of acquittal for the relevant battery count was (1) ineffective assistance of counsel under *Strickland* and (2) the state post-conviction's court decision to the contrary was an unreasonable application of *Strickland*.

We conclude the district court did not err in denying Schiedenhelm's § 2254 petition. When denying his request for post-conviction relief, the state post-conviction court concluded that §

22-11997                Opinion of the Court                7

901.211(5) was inapplicable to the facts of Schiedenhelm's case.[3] Its reasoning emphasized a distinction in Florida law between seizing previously discovered evidence and searching for new evidence. And when determining if that legal distinction applied to Schiedenhelm's case, the court relied on testimony by police officers that the strip search at the jail directly flowed from concerns arising during the traffic stop that Schiedenhelm was hiding something in his groin area. Thus, according to the state post-conviction court, the strip search at the jail was not a new search falling under § 901.211(5)'s purview but rather the seizing of previous evidence discovered during the traffic stop.

The state post-conviction court's distinction between searches and seizures is consistent with prior case law in Florida. *State v. Days*, 751 So. 2d 87, 88 (Fla. Dist. Ct. App. 1999). Likewise, we conclude that officers' testimony at Schiedenhelm's trial that the jail search was motivated by initial concerns raised during the traffic stop about a hard, blunt object concealed between Schiedenhelm's legs reasonably supports the state court's legal application in this case.

Given that the state post-conviction court reasonably applied state law to the specific facts of Schiedenhelm's case, we must

---

[3] Because a state appellate court affirmed the denial of Schiedenhelm's relevant motion for post-conviction relief per curiam without providing a reasoned opinion, we "look through" the un-explained decision to the state post-conviction court's reasoned denial, presuming that the unexplained appellate court decision adopted the reasoning. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

defer to the state court's determination. *Pinkney*, 876 F.3d at 1295. Because that court determined § 901.211(5) was inapplicable to his case, Schiedenhelm cannot demonstrate his counsel's performance "fell below an objective standard of reasonableness" or "was outside the wide range of professionally competent assistance." *Johnson*, 643 F.3d at 928 (quotation marks omitted). For the same reason, Schiedenhelm cannot show his counsel's failure to raise this argument prejudiced him in any way. *Id.* at 928–29. Accordingly, the district court did not err in denying his § 2254 petition.

★ ★ ★

In sum, Schiedenhelm's pending motions are **DENIED,** and the district court's denial of his 28 U.S.C. § 2254 petition is **AFFIRMED**.